462 So.2d 496 (1984)
David W. MacFarland, Appellant,
v.
STATE of Florida, Appellee.
No. 84-747.
District Court of Appeal of Florida, Fifth District.
December 27, 1984.
Rehearing Denied January 18, 1985.
*497 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The appellant plead guilty to a charge of burglary of a dwelling, a second degree felony. He appeals a sentence of three years' imprisonment followed by seven years' probation. Appellant's recommended guidelines sentence was three years' incarceration. We affirm.
The crime for which appellant was sentenced and the sentencing itself took place prior to July 1, 1984. At that time, Committee Note (d)(12) to Rule 3.701, Florida Rules of Criminal Procedure provided[1]:
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph 11 are complied with.
Rule 3.701(d)(11) however, authorizes departures from guidelines sentences when clear and convincing reasons are stated for such departure. Here, the court announced that it was considering appellant's prior record (the incarceration here was to be consecutive to a sentence presently being served) and the fact that the victims had suffered a great monetary loss for which appellant should be required to make restitution. The court concluded that restitution could be effected only if appellant got his life in order under supervision and became employed. It is clear from the record that the court believed that supervised probation was required for a lengthy period to enable appellant to make restitution of the $8,000 he had taken from the victims. Appellant's prior record is a valid basis for departure, Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984), as is the extent of the economic loss to the victims, Hankey v. State, 458 So.2d 1143 (Fla. 5th DCA 1984). In the light of the finding by the trial court that the lengthy period of supervised probation was required so as to enforce the required restitution, we cannot say that the court abused its sentencing discretion in departing from the recommended sentence. Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984).
AFFIRMED.
COBB, C.J., and COWART, J., concur.
NOTES
[1] Effective July 1, 1984, Committee Note (d)(12) to Rule 3.701, Fla.R.Crim.P. has been amended to read:

If a split sentence is imposed ... the incarceration portion imposed shall not be less than the minimum of the guideline nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law. [Emphasis added].
See, The Florida Bar: Amendments to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984), and Chapter 84-328, Laws of Florida (1984).