464 So.2d 684 (1985)
STATE of Florida, Appellant,
v.
Louise RICE, Appellee.
No. 84-744.
District Court of Appeal of Florida, Fifth District.
March 7, 1985.
*685 Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Daytona Beach, for appellee.
ORFINGER, Judge.
The trial court departed from the recommended guidelines sentence by reducing the period of incarceration, and the State appeals.[1] We affirm.
The appellee was charged by information filed October 18, 1983 with second degree murder and carrying a concealed firearm. She filed a plea of nolo contendere to the charge of second degree murder and the State nolle prossed the charge of carrying a concealed firearm. The record indicates that the victim, Donald Atkins, was shot following an argument with appellee in which appellee accused Atkins' girl friend of stealing money from her. The recommended guidelines sentence was 7-12 years incarceration based on the scoresheet total of 157 points.[2] Appellee was sentenced to *686 5 and 1/2 years imprisonment to be followed by 1 and 1/2 years of probation. The judge stated that he was departing from the guidelines sentence because appellee had no prior criminal record and was 56 years of age.
The State does not argue the power of the trial court to depart from a presumptive sentence by reducing it, but contends only that the sentence imposed is a split sentence and that it therefore violates Committee Note (d)(12) to Florida Rule of Criminal Procedure 3.701 because the incarcerative portion of the sentence is less than the minimum of the guideline range. At the time of sentencing, Committee Note (d)(12) read as follows:[3]
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph 11 are complied with.
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range. (Emphasis added).
The transcript of the sentencing hearing and the notation on the scoresheet clearly indicates that this was a departure sentence. Under the above-mentioned version of paragraph (d)(12) this court has previously approved a departure sentence where the combined period of incarceration and probation exceeded the guideline sentence. MacFarland v. State, 462 So.2d 496 (Fla. 5th DCA 1984). Given a proper case for departure, there is no reason for a different result where the departure is in the nature of a reduction of sentence rather than an enhancement. In other words, note (d)(12) does not control where the judge properly departs from the guidelines.
This leads, then, to a consideration of the propriety of a departure here. Departures from guideline sentences are contemplated by Rule 3.701(d)(11), Florida Rules of Criminal Procedure, which provides:
Departures from the guideline sentence: Departures from the presumptive sentence should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained.
Clearly then, the trial court may depart upward or downward from a presumptive sentence when clear and convincing reasons are stated.
Here, the trial court enunciated that the appellee's age, coupled with her complete lack of criminal background, were sufficient reasons for mitigating her sentence. In Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984) this court stated that the appellant's prior criminal record is a clear and convincing reason for departure. Although the Hendrix court was referring to the criminal record as a basis for an enhancement of the recommended sentence, the complete absence of a prior criminal record may similarly be considered as a basis for mitigation of the guidelines sentence.
*687 The standard of appellate review in cases where a sentence departs from the guidelines is abuse of discretion. Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984). In Higgs, we noted:
If, as this rule indicates, judicial discretion still plays a part in the sentencing process, an appellate court should not reverse a sentence which departs from those guidelines absent a showing of an abuse of that discretion, which we believe to be the standard for appellate review. The rules do not articulate an exclusive list of specific reasons to which a court must adhere in order to depart from the recommended guidelines sentence; rather, they require only that in making such departure, a court must give written reasons which are "clear and convincing." This omission of a "laundry list" of aggravating or mitigating circumstances appears to be a deliberate decision of the Study Commission rather than an oversight. [Footnote omitted].
Id. at 453.
We find no abuse of the court's sentencing discretion in reducing the period of incarceration below that recommended by the guidelines, so the sentence appealed from is
AFFIRMED.
COBB, C.J., and COWART, J., concur.
NOTES
[1] We have jurisdiction. See § 924.07(9), Fla. Stat. (1983); Fla.R.App.P. 9.140(c)(1)(J).
[2] The points allocated to a first degree felony punishable by life imprisonment have been increased, The Florida Bar: Amendments to Rules of Criminal Procedure (3.701, 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984); approved, Chapter 84-328, Laws of Florida, 1984, and the guideline range for second degree murder has been accordingly increased, but such change does not alter the result here.
[3] The second paragraph of this committee note has since been amended to read:

If a split sentence is imposed ... the incarceration portion imposed shall not be less than the minimum of the guideline nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
While the amended section does not apply retroactively, it would not change the result in this case.