BOARDMAN, EDWARD F., (Ret.) Judge.
Appellant (state) appeals from the sentence imposed upon appellee.
Following revocation of probation, appel-lee pled nolo contendere and was adjudicated guilty of committing a lewd and lascivious act, a second degree felony, in violation of section 800.04, Florida Statutes (1985). Under the guidelines scoresheet, appellee had 590 points. The sentencing guidelines recommended sentence was life imprisonment. The statutory maximum for that offense is fifteen years imprisonment. §§ 800.04 and 775.082(3)(c), Fla. Stat. (1985). Over the state’s objection, the court sentenced appellee to eight years incarceration, to be followed by two years community control and five years probation.
The state argues that the trial court departed downward from the' recommended guidelines sentence and therefore erred in failing to provide written, clear and convincing reasons for the departure.
The state correctly points out that since the guidelines recommended sentence exceeded the statutory maximum of fifteen years incarceration, the fifteen years statutory maximum should be imposed. Fla.R. Crim.P. 3.701(d)(10). Committee Note (d)(12) provides that the court may impose a split sentence; however, the incarcerative portion shall not be less than the minimum guidelines range. We agree with the state’s contention that any incarcerative period under fifteen years is a downward departure. State v. DeMarco, 495 So.2d 242 (Fla. 2d DCA 1986); State v. Rice, 464 So.2d 684 (Fla. 5th DCA 1985); State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985). Suspension does not change this result. DeMarco, Twelves.
Accordingly, the trial court’s failure to submit written, clear and convincing reasons for departure was error. State v. Jackson, 478 So.2d 1054 (Fla.1985).
We reverse and remand for further proceedings consistent with this opinion.
DANAHY, C.J., and SANDERLIN, J., concur.