LETTS, Judge.
This appeal involves the consolidation of two criminal cases in both of which the defendant entered an open plea of guilty.
As to one of the cases, the judge at the sentencing hearing departed downward from the guidelines citing no reasons written or oral for so doing. This court has already relinquished jurisdiction once to remedy that omission, but it is now back before us without explanation and no action was taken.
Clearly, written reasons must be given, State v. Jackson, 478 So.2d 1054 (Fla.1985), but we see no reason at this stage to re-relinquish this cause, preferring simply to let the defendant withdraw his plea for the reasons set forth hereafter.
As to the other case, in which written reasons for the downward departure were supposedly given, it is obvious that the “reasons” were but factual recordings of what transpired. What the court actually wrote was:
1. Open plea to court
2. Objection by State
Obviously, these are not reasons for departure, nor do we believe they were so intended. What happened here is that the defendant entered an open plea of guilt, contingent on his receiving, as the court orally expressed it, “four years state prison as to all counts[1] over the objection of the state and below the sentencing guidelines.”
In our opinion, the state’s objections to this sentence are justified, but we are also of the opinion that the open plea of guilt was entered upon the expectation of a four year sentence, albeit below the guidelines. As a consequence, since the defendant will not receive the sentence which he expected and to which the judge had agreed, we not only reverse the trial court’s departure below the guidelines, but we also remand with instructions to permit the defendant to withdraw his plea. Goodwin v. State, 477 So.2d 1089 (Fla. 4th DCA 1985).
REVERSED AND REMANDED.
DOWNEY and DELL, JJ., concur.

. This encompasses all charges arising from both criminal cases here consolidated.