536 So.2d 1052 (1988)
STATE of Florida, Appellant,
v.
Thomas Winfield NICHOLS, Appellee.
No. 87-3111.
District Court of Appeal of Florida, Fourth District.
September 28, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellant.
Michael D. Gelety, Fort Lauderdale, for appellee.

ON REHEARING
GUNTHER, Judge.
We grant the motion for rehearing and substitute the following opinion:
*1053 This is an appeal from a sentence. We vacate the defendant's sentence and remand.
Defendant entered a guilty plea to trafficking in cocaine and was adjudicated and sentenced to three years' incarceration. At sentencing, both parties acknowledged that the recommended guidelines range was 4 1/2 to 5 1/2 years. Over State objection, the trial court downwardly departed by imposing a three-year sentence and waiving the $50,000 fine mandated by section 893.135(1)(b)(1), Florida Statutes (1985).
The defendant agrees with the State's contention that the trial court erred by downwardly departing from the recommended guidelines sentence without providing written reasons therefor. Consequently, we agree that the sentence must be reversed and remanded.
However, we disagree with the State's assertion that, since the defendant entered an open plea, upon remand, the defendant must be resentenced under the guidelines and the $50,000 fine imposed.
At sentencing, the attorney for the defendant stated that the defendant was pleading to trafficking in cocaine for a sentence of three years and that the defendant was waiving his well-founded motion to suppress. The State responded by objecting to a below guidelines sentence. When the court adjudicated the defendant and only imposed a three-year sentence and assessed no fine, the State reminded the trial court that normally a $50,000 fine was imposed. Defendant's attorney responded by saying that that was one of the defendant's major considerations on the plea. The trial court then stated that the fine was waived.
These statements, in the context of the entire record of the sentencing, indicate that it was a negotiated plea situation and not an open plea. In our view, the record reveals that in exchange for the defendant not pursuing his motion to suppress, the trial judge agreed to waive the imposition of the $50,000 fine and to sentence the defendant to three years rather than the 4 1/2-year guideline sentence. Thus, since the plea negotiated and sentence imposed by the court are not viable, upon remand the defendant shall be given the opportunity to withdraw his plea.
Accordingly, the sentence is vacated with directions to afford the defendant the opportunity to withdraw his plea. See State v. Mathews, 520 So.2d 62 (Fla. 3d DCA 1988); State v. Hopkins, 520 So.2d 301 (Fla. 3d DCA 1988). If he does not, he shall be sentenced in accordance with the guidelines.
REVERSED AND REMANDED.
ANSTEAD, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
The record of the sentencing hearing leaves much to be desired in the way of clarity. Arguably, it can be used to support both the appellant's position (that his plea was a negotiated plea) and the State's position (that appellant's plea was "open"). The panel's decision that this was a negotiated plea may well be supported by the transcript if one reads the trial court's action as being indicative of its desire to carry out the terms of a negotiated deal with the appellant. On the other hand, the record before us shows that the state recited to the trial court its objection to the appellant's "below guideline open plea to the court." Neither the trial judge nor the appellant commented on the record to the state's characterization of the plea as "open." Silence in this regard could be read to mean that neither the appellant nor the court viewed the plea as anything other than one not the result of a plea bargain.
Regardless of the foregoing discussion, the $50,000 mandatory fine was improperly waived by the trial court and under no stated reasons could the trial court on remand impose the sentence originally given. In State v. Cooper, 510 So.2d 1252 (Fla. 4th DCA 1987), the defendant entered an open plea of guilty with the expectation of a below the guidelines sentence. This court held that since the defendant on re-remand of the case would not be able to receive the *1054 sentence which he had originally expected and which the trial judge had agreed to impose, he should be permitted to withdraw his plea. In the instant case, the appellant must receive the $50,000 fine. This is a part of the sentence which he had no expectation of receiving even if his plea was open rather than negotiated. Thus, I concur that appellant be permitted to withdraw his plea because he will receive a mandatory fine which he had no expectation of receiving when he pled open. See Cooper.