545 So.2d 903 (1989)
STATE of Florida, Appellant,
v.
Shawn D. GLENN, Appellee.
No. 88-2302.
District Court of Appeal of Florida, Fourth District.
March 29, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michael J. Hellman, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
Defendant was charged by information with one count of purchasing cocaine at or near a school in violation of section 893.13(1)(e) & (f), Florida Statutes (1987), and one count of possession of cocaine in violation of section 893.03(2)(a)(4), Florida Statutes (1987). He pleaded guilty to both counts and received a sentence which was below the recommended sentencing guidelines. The state seeks review of the trial court's downward departure from the recommended sentencing guidelines because the trial court gave no written reasons for the departure.
Initially, we reject defendant's argument that section 893.13(1)(e), Florida Statutes (1987), is unconstitutional. State v. Burch, 545 So.2d 279 (Fla. 4th DCA 1989).
Defendant also argues that the trial court erred when it sentenced him on both counts. Pursuant to Carawan v. State, 515 So.2d 161 (Fla. 1987), and Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), the offense of possession of cocaine is considered a lesser-included offense of the offense of purchasing the same cocaine at or near a school. Thus the trial court erred in sentencing defendant on both counts.
The state argues that the trial court erred when it failed to provide written reasons for its two-cell downward departure. Defendant concedes this was error. We reverse the sentence on the authority of State v. Richardson, 536 So.2d 1193 (Fla. 4th DCA 1989). We note that the elimination of the possession conviction will not change defendant's presumptive sentencing guideline range. Therefore, we remand the sentence with instructions to the trial court to either sentence defendant within the recommended guidelines range, or in the alternative, to reduce to written order the grounds for the proposed two-cell departure as announced orally at the original sentencing. Boynton v. State, 473 So.2d 703 (Fla. 4th DCA 1985).
DOWNEY, DELL and POLEN, JJ., concur.