542 So.2d 1371 (1989)
STATE of Florida, Appellant,
v.
Robin BROWN, Appellee.
No. 88-2649.
District Court of Appeal of Florida, Fourth District.
May 17, 1989.
*1372 Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn, Asst. Atty. Gen., West Palm Beach, for appellant.
No appearance for appellee.
PER CURIAM.
As alleged by the state, the sentence under review must be reversed and remanded as it constitutes a downward departure from the sentencing guidelines without the trial court's furnishing of any written reasons for said departure. State v. Jackson, 478 So.2d 1054 (Fla. 1985); State v. Richardson, 536 So.2d 1193 (Fla. 4th DCA 1989); State v. Smith, 541 So.2d 1224 (Fla. 3d DCA 1989); State v. Bledsoe, 538 So.2d 94 (Fla. 3d DCA 1989).
The trial court, in exchange for a guilty plea, negotiated with appellee to sentence her to two years of community control with a special condition of sixty days in jail. Over the state's objection, the trial court entered the downward departure sentence and made the following oral pronouncements in support thereof:
I'm departing downward from the guidelines. I feel under the circumstances that under this particular statute, and that it's a reverse sting, and the Defendant has no preexisting record of having committed any criminal offenses, and the quantity of the rocks in question are minimal, in this instance one rock, that to sentence the Defendant within the guidelines of three-and-a-half to four-and-a-half years would be excessive punishment that is not merited for the offense that she's charged with.
A trial court is not free to offer a plea bargain which is below the sentencing guidelines and over the state's objection unless the court provides clear and convincing written reasons for the departure. State v. Johnson, 512 So.2d 1116 (Fla. 3d DCA 1987).
We vacate the sentence imposed in this cause and remand for the trial court to enter written reasons for the downward departure. State v. Chaney, 514 So.2d 436 (Fla. 4th DCA 1987); State v. Sims, 530 So.2d 1089 (Fla. 4th DCA 1988). If on remand it should appear that the plea negotiated and the sentence imposed by the court are not viable, the defendant shall be given the opportunity to withdraw her plea. State v. Nichols, 536 So.2d 1052 (Fla. 4th DCA 1988).
GLICKSTEIN, GUNTHER, JJ., and ROBINSON, STEVEN D., Associate Judge, concur.