PER CURIAM.
The state appeals the trial court’s imposition of appellee’s mitigated sentence. Ap-pellee was charged with count I, purchase of cocaine at or near a school, in violation of section 893.13(l)(e), Florida Statutes (1987), and count II, possession of cocaine. Appellee motioned to dismiss the information, alleging the unconstitutionality of the statute and double jeopardy. Because review of this court’s opinion upholding the constitutionality of the statute was pending before the supreme court, appellee pled no contest to count I. Count II was dismissed on double jeopardy grounds. However, if the statute were to be held unconstitutional [1], the plea would apply to count II, which would be reinstated.
Although the guidelines scoresheet recommendation was four and one-half to five and one-half years’ incarceration, the trial court withheld adjudication of guilt and placed appellee on two years’ probation with sixty days in county jail. No written or oral reasons for departure were stated. The state challenges the departure and ap-pellee concedes the error. We agree and reverse and remand.
A trial court is not free to offer a plea bargain which is below the sentencing guidelines and over the objection of the state, unless the trial court provides clear and convincing written reasons for the departure. State v. Glenn, 545 So.2d 903 (Fla. 4th DCA 1989); State v. Brown, 542 So.2d 1371 (Fla. 4th DCA 1989); State v. Richardson, 536 So.2d 1193 (Fla. 4th DCA 1989). The trial court provided no written reasons for its sentencing departure.
We reverse and remand to permit the trial court to either sentence appellant within the guidelines or provide written reasons for the departure, State v. Chaney, 514 So.2d 436 (Fla. 4th DCA 1987), or permit appellee to withdraw his plea, State v. Brown, 542 So.2d at 1372.
STONE, WARNER and POLEN, JJ„ concur.

. The Florida supreme court recently upheld the constitutionality of the statute. Burch v. State, 558 So.2d 1 (Fla.1990).