PER CURIAM.
The state appeals a downward departure sentence which the trial court entered on October 5, 1989, while this court had jurisdiction over the state’s appeal of a non-final order granting the Defendant’s Motion to Suppress. The mandate reversing the order and returning jurisdiction to the trial court did not issue until November 3, 1989.
We hold that the trial court did not have jurisdiction on October 5, 1989, to accept the Defendant’s change of plea to guilty and render a final order of sentence disposing of the case. Fla.R.App.P. 9.130; M.A. Feldman & Co. v. Cohen, 537 So.2d 720 (Fla. 4th DCA 1989) (citing Hirschhorn v. Superior Realty of Florida, 450 So.2d 510 (Fla. 4th DCA 1984)).
*218 The state contends, and Appellee concedes, that the trial court also erred in entering a downward departure sentence without providing clear and convincing written response for doing so. We agree.
Recognizing that the Appellee’s change of plea to guilty was predicated upon the trial court entering a downward departure sentence, we find controlling State v. Brown, 542 So.2d 1371 (Fla. 4th DCA 1989). Accordingly, we vacate the sentence imposed and remand with instructions to resentence Appellee. See State v. Allen, 557 So.2d 960 (Fla. 4th DCA 1990).
REVERSED and REMANDED.
LETTS, GLICKSTEIN and DELL, JJ„ concur.