PER CURIAM.
Appellant timely seeks review of his judgment of conviction for both purchase and possession of cocaine within 1000 feet of a school in violation of the “schoolyard” statute, section 893.13, Florida Statutes. We affirm in part and reverse and remand in part.
We find no merit in appellant’s initial two-point constitutional challenge as the constitutionality of the “schoolyard” statute was upheld in Burch v. State, 558 So.2d 1 (Fla.1990). Nor do we find merit in appellant’s contention of error in denial of his requested jury instruction.
We do however, find reversible error in the trial court’s having entered judgment and sentence for both purchasing cocaine and possessing the same cocaine at or near a school. Possession of cocaine is considered a lesser included offense of the offense of purchasing the same cocaine within 1000 feet of a school. State v. Glenn, 545 So.2d 903 (Fla. 4th DCA 1989). Both counts cannot stand and on remand, the conviction for possession should be vacated.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
LETTS, POLEN and GARRETT, JJ., concur.