573 So.2d 362 (1990)
STATE of Florida, Appellant,
v.
Clifford McCALL, Appellee.
No. 90-230.
District Court of Appeal of Florida, Fifth District.
December 27, 1990.
Rehearing Denied January 31, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellee.
GRIFFIN, Judge.
The state has appealed a downward departure sentence for grand theft of a motor vehicle imposed after the defendant pled guilty to violation of community control. The defendant was a thirty-eight year old male with a two-year college education. He has a history of drug abuse and has AIDS. He also has an extensive criminal record.
The defendant had originally pled guilty to the grand theft charge based on a plea agreement that he would receive twenty-four months community control followed by two years probation. The defendant's guidelines scoresheet reflected a recommended sentence of seven to nine years in the Department of Corrections. The stated reason for the original downward departure was "negotiated plea".
Approximately one year later, the defendant was arrested for violation of his community control. This time the plea agreement provided he would plead guilty to violation of community control and would receive a sentence under the sentencing guidelines. At the sentencing hearing, the *363 state asked for the maximum sentence (five years); the defense sought reimposition of the prior sentence. The court agreed to give the defendant "one more chance" and reimposed a two-year community control sentence, subject to the "same terms and conditions previously imposed." No written reasons for departure were issued.
We agree with the state that the failure to provide written reasons for the downward departure on the resentencing for violation of community control requires reversal. Any sentence outside the permitted guideline range must be accompanied by a written statement delineating the reasons for the departure. Fla.R.Crim.P. 3.701(d)(11). Because no written reasons were provided, on remand, the trial court must resentence within the guidelines. Pope v. State, 561 So.2d 554 (Fla. 1990); State v. Reliford, 568 So.2d 534 (Fla. 3d DCA 1990); State v. Fraser, 564 So.2d 1262 (Fla. 2d DCA 1990).
REVERSED and REMANDED FOR RESENTENCING.
GOSHORN and PETERSON, JJ., concur.