PER CURIAM.
Appellant was charged in an information with purchase of cocaine within 1000 feet of a school (Count I) and possession of cocaine (Count II). Prior to closing argument in a jury trial, the appellant withdrew his plea of not guilty and entered a plea of nolo contendere on both charges, specifically reserving the right to appeal the denials of his motions to dismiss. The trial court *273 adjudicated appellant guilty on Count I and sentenced him to eighteen months’ imprisonment and withheld adjudication on Count II, placing him on one year’s probation, to run consecutively.
While we find no merit in appellant’s first two points, we find merit in his third point.
Appellant contends that the trial court erred in convicting him for both purchasing cocaine and possession of cocaine because those charges are predicated on the same underlying act. We agree. The incident occurred on November 5, 1987. Accordingly, Carawan v. State, 515 So.2d 161 (Fla.1987), applies. The court ruled there that the double jeopardy clauses of the Florida and federal constitutions prohibit subjecting a defendant to multiple punishments for the same offense. Convictions for sale and possession of the same pieces of cocaine violate double jeopardy. Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved by State v. Smith, 547 So.2d 613 (Fla.1989); Dukes v. State, 528 So.2d 531 (Fla. 2d DCA 1988). In State v. Glenn, 545 So.2d 903 (Fla. 4th DCA 1989), this court held that pursuant to Carawan, the offense of possession of cocaine is a lesser included offense of purchasing the same cocaine near a school, so that convictions for both charges constitute double jeopardy.
While the state claims that this court in Glenn only found that the trial court erred in sentencing the defendant on both counts, the court specifically stated, “We note that the elimination of the possession conviction will not change the defendant’s presumptive guideline range.” 545 So.2d at 903 (emphasis supplied). Accordingly, we affirm the conviction and sentence on Count I, but reverse as to Count II, and remand with direction to dismiss same.
GLICKSTEIN, WARNER and GARRETT, JJ., concur.