PER CURIAM.
We reverse and remand. The appellee was charged in an information with purchase of cocaine at or near a school and possession of cocaine, to which she pled guilty. The trial court withheld adjudication and, in accordance with its negotiated plea bargain with the appellee, sentenced the appellee to a downward departure sentence of one year probation on each count.
The State first argues that the trial court erred in not sentencing the appellee to a three year mandatory minimum, pursuant to section 893.13(l)(e), Florida Statutes, on the purchasing cocaine near a school charge. Section 893.13(l)(e) was not in effect at the time the appellee committed the offense. Therefore, retroactive application of the statute would have been unconstitutional. See Castle v. State, 330 So.2d 10 (Fla.1976). The trial court correctly declined to sentence the appellee to the mandatory minimum.
The State next argues that the trial court erred in entering a reduced sentence without providing written reasons for departure. We agree based on Rule 3.701(d)(ll) and Ree v. State, 565 So.2d 1329 (Fla.1990). It further maintains that *205 on remand, the trial court must sentence the appellee within the recommended guidelines sentencing range. The State relies on Cheshire v. State, 568 So.2d 908 (Fla.1990).
We do not believe that Cheshire is applicable to the facts of this case. In Cheshire, the trial court inadvertently entered a downward departure sentence due to mathematical errors in its sentencing calculations. The supreme court stated: “Double jeopardy does not guarantee a defendant the benefit of a judge’s good-faith mathematical errors.” Thus, it held that on remand, the trial court should sentence the defendant within the guidelines range but warned that it could not sentence him above that range. In this case, the trial court knowingly and deliberately entered a reduced sentence. It grounded the downward departure on its negotiated plea bargain with the appellee, a proper reason for departure. See Nichols v. State, 536 So.2d 1052 (Fla. 4th DCA 1988). Hence, the ap-pellee might very well have a valid double jeopardy argument should the trial court resentence her within the guidelines.
Nonetheless, the court in Pope v. State, 561 So.2d 554 (Fla.1990), by reference to its earlier opinion in Barbera v. State, 505 So.2d 413 (Fla.1987), involving a reduced sentence, seemed to imply that a trial court should sentence a defendant to a guidelines sentence on remand when a downward departure sentence is reversed. Some districts have explicitly held that. See, e.g., State v. McCall, 573 So.2d 362 (Fla. 5th DCA 1990); State v. Cook, 571 So.2d 22 (Fla. 2d DCA 1990); State v. Reliford, 568 So.2d 534 (Fla. 3d DCA 1990) (certified question). Thus, we hold the same, but certify the following question to the supreme court as one of great public importance:
IF A TRIAL COURT INTENTIONALLY ENTERS A REDUCED SENTENCE BASED ON A VALID DEPARTURE REASON, BUT FAILS TO PUT THAT REASON IN WRITING, SHOULD IT BE REQUIRED TO IMPOSE A SENTENCING GUIDELINES SENTENCE ON REMAND?
We further hold that if the appellee does not wish to be sentenced within the recommended guidelines range, she should be give the opportunity to withdraw her plea. See Nichols.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS AS PROVIDED HEREIN.
ANSTEAD and WARNER, JJ., and WALDEN, JAMES H., (Retired), Associate Judge, concur.