SCHOONOVER, Chief Judge.
The State of Florida challenges the sentence imposed upon the appellee, Reginald A. Waldo, III, after he admitted violating the terms and conditions of his community control. We reverse.
The appellee was originally placed on community control after he pled nolo con-tendere to a charge of committing a lewd and lascivious act upon a child. He was subsequently charged with violating community control by driving while under the influence.
When the appellee appeared to answer this charge, he signed a waiver of rights form and admitted the charge on the condition that he receive a certain sentence. The appellee agreed that if his plea was accepted his community control would be modified to require him to attend a drug and alcohol treatment program and that he would receive a five and one-half year suspended sentence. The state objected to the plea on the ground that the guidelines called for a minimum sentence of five and one-half years in prison and the proposed sentence would be a downward departure without any valid reasons for such a departure. The trial judge stated that he wanted to give the appellee one more chance and, over the state’s objection, accepted the plea and imposed the proposed sentence. The state filed a timely notice of appeal.
When sentencing pursuant to the guidelines, a trial judge may impose a split sentence, but if he does, the incarcerative portion must not be less than the minimum guidelines range. Comm.Note (d)(12) Fla. R.Crim.P. 3.701. The trial judge may, of course, depart from this requirement if he provides a valid written reason for doing so. State v. McCall, 573 So.2d 362 (Fla. 5th DCA 1990). The appellee’s sentence did not require him to serve at least the minimum sentence required by the guidelines and was, accordingly, a downward departure. Since the trial judge failed to provide written reasons for departing from the guidelines, and the state did not agree to the downward departure, the appellee’s sentence must be reversed. State v. Allen, 557 So.2d 960 (Fla. 4th DCA 1990).
Upon remand, since the conditions placed upon the appellee’s admission of guilt were not acceptable, he should be afforded an opportunity to withdraw that admission. Allen. If the appellee elects to proceed to sentencing without the unacceptable conditions, he must be resentenced within the guidelines. State v. Fraser, 564 So.2d 1262 (Fla. 2d DCA 1990).
Reversed and remanded.
THREADGILL, J., and REESE, THOMAS S., Associate Judge, concur.