BENTON, Judge.
Christopher Roberts appeals his sentence for burglary of a dwelling in the course of which he committed an assault, all in violation of section 810.02(2)(a), Florida Statutes (1993). On appeal, he argues that the trial court erred in imposing a probationary split departure sentence because the incarcerative portion of the sentence deviated more than 25 percent from the recommended guidelines prison sentence. We affirm, but certify a question to the Florida Supreme Court as a matter of great public importance.
On November 21, 1994, Mr. Roberts entered a plea of nolo contendere to an information charging burglary of a dwelling with an assault committed in the course of the offense. There was no agreement as to a sentence. The trial court departed from the applicable 1994 sentencing guidelines range of 34.5 months to 57.5 months, imposing a departure sentence of 72 months in state prison followed by 24 months on probation. Contemporaneously, the trial court filed written reasons[1] for the departure sentence.[2]
*310 On appeal, Mr. Roberts contends that under Florida Rule of Criminal Procedure 3.702 a court cannot order incarceration in excess of the 1994 guidelines range if it imposes a split sentence. Florida Rule of Criminal Procedure 3.702(d)(19) states:
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall be within the guidelines sentence unless a departure is ordered.
If a split sentence is imposed, the incar-cerative portion of the sentence must not deviate more than 25 percent from the recommended guidelines prison sentence. The total sanction (incarceration and community control or probation) shall not exceed the term provided by general law or the guidelines recommended sentence where the provisions of subsection 921.001(5) apply.
(Emphasis added.) The first sentence of subdivision (d)(19) states that a sentence shall be imposed or suspended “for each separate count, as convicted.” There is no exception to this requirement.
The second sentence of subdivision (d)(19) mandates that the “total sentence” for each count on which a defendant is convicted not exceed the guidelines “unless a departure is ordered.” The third sentence of subdivision (d)(19), starting a new paragraph dealing ■with split sentences, contains no exception to the requirement that “the incarcerative portion of the sentence must not deviate more than 25 percent from the recommended guidelines prison sentence.” The fourth sentence, stating that the “total sanction ... shall not exceed the term provided by general law[,]” also contains no exception.
Florida Rule of Criminal Procedure 3.702(d)(19) restates the substance of committee note to subdivision (d)(12) of Florida Rule of Criminal Procedure 3.701 (the former sentencing guidelines), which provides:
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of subdivision (d)(ll) are complied with.
If a split sentence is imposed (i.e. a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
(Emphasis added.) In State v. Rice, 464 So.2d 684 (Fla. 5th DCA 1985), the court stated:
The State does not argue the power of the trial court to depart from a presumptive sentence by reducing it, but contends only that the sentence imposed is a split sentence and that it therefore violates Committee Note (d)(12) to Florida Rule of Criminal Procedure 3.701 because the in-careerative portion of the sentence is less than the minimum of the guideline range. At the time of sentencing, Committee Note (d)(12) read as follows.3
3 The second paragraph of this committee note has since been amended to read:
If a split sentence is imposed ... the incarceration portion imposed shall not be less than the minimum of the guideline nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law
While the amended section does not apply retroactively, it would not change the result in this case.
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph 11 are complied with.
If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range. (Emphasis added).
*311 The transcript of the sentencing hearing and the notation on the seoresheet clearly indieate[ ] that this was a departure sentence. Under the above-mentioned version of paragraph (d)(12) this court has previously approved a departure sentence where the combined period of incarceration and probation exceeded the guideline sentence. MacFarland v. State, 462 So.2d 496 (Fla. 5th DCA 1984). Given a proper case for departure, there is no reason for a different result where the departure is in the nature of a reduction of sentence rather than an enhancement. In other words, note (d)(12) does not control where the judge properly departs from the guidelines.
Id. at 686 & n. 3. Also addressing commission note (d)(12) to Florida Rule of Criminal Procedure 3.701, the Second District stated:
When sentencing pursuant to the guidelines, a trial judge may impose a split sentence, but if he does, the incarcerative portion must not be less than the minimum guidelines range. Comm. Note (d)(12) Fla. R.Crim.P. 3.701. The trial judge may, of course, depart from this requirement if he provides a valid written reason for doing so. State v. McCall, 573 So.2d 362 (Fla. 5th DCA 1990).
State v. Waldo, 582 So.2d 820, 821 (Fla. 2d DCA 1991) (emphasis added); see also Baggett v. State, 637 So.2d 303, 304 (Fla. 1st DCA 1994) (stating that “no written reasons were required” since the maximum of the guidelines range was 27 years and the split sentence imposed was 25 years incarceration plus 10 years probation).
While “[ejxisting caselaw construing the application of sentencing guidelines that is in conflict with the provisions of this rule ... is superseded by the operation of this rule[,]” Fla.R.Crim.P. 3.702(b), existing caselaw[3] construes language substantially the same as Florida Rule of Criminal Procedure 3.702(d)(19). Neither provision evinces any public policy reason why trial courts should not be permitted to specify incarcerative portions of probationary split sentences longer or shorter than guidelines recommendations so long as the sentencing court complies with other applicable statutes and rules in imposing the departure sentence.
Pertinent Florida caselaw seems to require a construction[4] of the third sentence of sub *312 division (d)(19) that makes an exception for departure sentences. On its face, Florida Rule of Criminal Procedure 3.702(d)(19) may be read as a flat prohibition against imposition of a departure sentence where the incar-cerative portion of a probationary split sentence falls outside the guidelines range. But the cases infer an exception which is not stated in the third sentence, and which need not (and in fact cannot) be read into either of the other sentences which lack the clause “unless a departure is ordered.”
Accordingly we affirm the sentence but certify the following question to the Florida Supreme Court as being of great public importance.
IF THE TRIAL COURT IMPOSES A SPLIT SENTENCE, MAY THE INCAR-CERATIVE PORTION OF THE SENTENCE DEVIATE MORE THAN 25 PERCENT FROM THE RECOMMENDED GUIDELINES PRISON SENTENCE IF THE TRIAL COURT OTHERWISE COMPLIES WITH THE APPLICABLE STATUTES AND RULES IN IMPOSING THE DEPARTURE SENTENCE?
BOOTH and WOLF, JJ., concur.

. Mr. Roberts assails these reasons as insufficient arguing that the trial court abused its discretion in departing in any manner whatsoever from the sentencing guidelines. We find no merit in this argument.

. Under the 1994 Guidelines, a departure sentence is “[a] state prison sentence which varies *310 upward or downward from the recommended guidelines prison sentence by more than 25 percent....” § 921.0016(l)(c), Fla.Stat. (1993); Fla.R.Crim.P. 3.702(d)(18). Here the "recommended guidelines prison sentence” was 46 months. (R. at 14, 57.)

. Cecil v. State, 596 So.2d 461, 462 (Fla. 1st DCA 1992) (reversing a split sentence “for failure to provide written reasons for departure” where the incarcerative portion imposed by the trial court exceeded the maximum of the guidelines range); Fullwood v. State, 558 So.2d 168, 170 (Fla. 5th DCA 1990) ("Since the incarcerative portions of counts II and III exceed the maximum of the recommended range and no written reasons for departure were given, the sentence in count II is reversed and the cause remanded for resentenc-ing.”); State v. Whitten, 524 So.2d 1114 (Fla. 4th DCA 1988) (reversing a split sentence "which included an incarceration period of less than the recommended minimum for the crimes” and remanding for resentencing with directions that "upon remand the trial court must give a written reason for such departure”); State v. Martin, 502 So.2d 1371, 1372 (Fla. 2d DCA 1987) (holding that "the trial court’s failure to submit written, clear and convincing reasons for departure was error” because the incarcerative portion of the split sentence was less than the statutory maximum (fifteen years) which was less than the recommended guidelines (life imprisonment)).

. In discussing qualifying phrases in sentences with more than one antecedent, this court has stated:
We are aided by the statutory rule of construction known as the doctrine of last antecedent, under which " 'relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote’ [citations omitted].” McKenzie Tank Lines, Inc. v. McCauley, 418 So.2d 1177, 1179-1180 (Fla. 1st DCA 1982).
Kirksey v. State, 433 So.2d 1236, 1241 (Fla. 1st DCA 1983), review denied, 446 So.2d 100 (Fla. 1984). See also Ross v. State, 664 So.2d 1004, 1009 (Fla. 4th DCA 1995); Brown v. Brown, 432 So.2d 704, 710-11 (Fla. 3d DCA 1983), review dismissed, 458 So.2d 271 (Fla.1984). This problem can be avoided altogether.
The difficult problems of interpretation involved in the rule of reddendo singula singulis may be almost entirely eliminated by careful drafting. If sentences are short and contain a single subject and object this problem will be resolved.
Sutherland Statutory Construction § 47.26 (5th Ed. 1992). Here, subdivision (d)(19) contains four short sentences. Each lays down a separate requirement. Only one makes exception for departure sentences.
On the other hand, the phrase "unless a departure is ordered" is a proviso.
Courts have adopted the rule that the proviso will be applied according to the general legis *312 lative intent and will limit a single section or the entire act depending on what the legislature intended or what meaning is otherwise indicated. Although the form and the location of the proviso may be some indication of the legislative intent, form alone will not control. No presumption concerning the scope of its application arises from the location of the proviso.
Id. at § 47.09 (footnotes omitted).