OVERTON, Justice.
We have for review Roberts v. State, 677 So.2d 309 (Fla. 1st DCA 1996), in which the district court certified the following question as one of great public importance:
IF THE TRIAL COURT IMPOSES A SPLIT SENTENCE, MAY THE INCAR-CERATIVE PORTION. OF THE SENTENCE DEVIATE MORE THAN 25 PERCENT FROM THE RECOMMENDED GUIDELINES PRISON SENTENCE IF THE TRIAL COURT ■OTHERWISE COMPLIES WITH THE APPLICABLE STATUTES AND RULES IN IMPOSING THE DEPARTURE SENTENCE?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we an *1278 swer the question in the affirmative and approve the district court’s decision.
The facts of this case are as follows. Christopher Roberts entered a plea of nolo contendere to the charge of burglary of a dwelling with an assault committed in the course of the offense. No sentence was agreed upon. The trial judge imposed a departure sentence of seventy-two months in state prison to be followed by twenty-four months’ probation. This sentence constituted a probationary split departure sentence under which the incarcerative portion of the sentence deviated more than twenty-five percent from the 1994 recommended sentencing guidelines range of 34.5 to 57.5 months. The trial judge entered written reasons for the departure.
Roberts appealed the sentence, contending that Florida Rule of Criminal Procedure 3.702(d)(19) prohibits incarceration in excess of the 1994 guidelines if a split sentence is imposed. ' The rule provides in pertinent part as follows:
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall be within the guidelines sentence unless a departure is ordered. .
If a split sentence is imposed, the incar-cerative portion of the sentence must not deviate more than 25 percent fivm the recommended guidelines prison sentence. The total sanction (incarceration and community control or probation) shall not exceed the term provided by general law or the guidelines recommended sentence where the provisions of subsection 921.001(5) apply.
Rule 3.702(d)(19) (emphasis added). On appeal, the First District Court of Appeal evaluated each sentence contained in this subsection of rule 3.702, finding that it essentially constituted a restatement of the substance of committee note (d)(12) of the pre-1994 sentencing guidelines contained in rule 3.701, which provided:
The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of subdivision (d)(ll) are complied with.
If a split sentence is imposed (i.e. a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guidelines range nor exceed the maximum of the range. The total sanction (incarceration and probation) shall not exceed the term provided by general law.
(Emphasis added.)
The district court first determined that the district courts that have interpreted committee note (d)(12) have found that, when a judge properly departs from the guidelines, the committee note does not control. See State v. Waldo, 582 So.2d 820 (Fla. 2d DCA 1991); State v. Rice, 464 So.2d 684 (Fla. 5th DCA 1985). The district court then found that this previous case law provided a basis to conclude that an exception existed for the current provision in ;the rule for departure sentences, even though the rule, on its face, could be read as a flat prohibition against such a finding. Based on that conclusion, the district court affirmed the sentence but certified the aforementioned question as one of great public importance.
Roberts argues that, under principles of statutory construction, the plain meaning of the rule requires us to answer the question in the negative. Further, he argues that,even if the rule is ambiguous, it must be construed in a manner most favorable to the accused. He also contends that the district court’s application of prior case law to interpret the rule was erroneous. We disagree.
Rule 3.702(a) states that rule 3.702 is in- j tended to implement the 1994 revised sentencing guidelines in strict accordance with chapter 921, Florida Statutes (1993). The statement of purpose set forth in subsection 921.001(4) provides in pertinent part: “The *1279 guidelines represent a synthesis of current sentencing theory, histoiical sentencing 'practices, and a rational approach to managing correctional resources.” (Emphasis added.) Subsection 921.001(5) further provides in pertinent part: “Sentences imposed by trial court judges under the 1994 revised sentencing guidelines on or after January 1, 1994, must be within the 1994 guidelines unless there is a departure sentence with written findings." (Emphasis added.)
As noted by the district court, taking the sentence at issue in subsection (d)(19) out of context and reading it alone appears to preclude the imposition of a departure sentence of more than twenty-five percent for the incareerative portion of a split sentence. However, it is a well-settled principle of statutory construction that “ ‘phrases are not to be read in isolation, but rather within the context of the entire section.’ ” Acosta v. Richter, 671 So.2d 149, 154 (Fla.1996) (quoting Jackson v. State, 634 So.2d 1103, 1105 (Fla. 4th DCA 1994)). When the sentence is read in conjunction with the rest of subsection (d)(19), the issue is not so clear. For instance, the sentence preceding the one at issue provides that the “total sentence shall be within the guidelines sentence unless a departure is ordered." (Emphasis added.) Further, the sentence following the one at issue provides that the “total sanction (incarceration and community control or probation) shall not exceed the term provided by general law or the guidelines recommended sentence where the provisions of subsection 921.001(5) apply.” Subsection 921.001(5) specifically provides that a sentence “must be within the 1994 guidelines unless there is a departure sentence with written findings.” (Emphasis added.) Given the provisions of chapter 921 and the conflict between the sentence at issue and the other provisions of subsection (d)(19), we must look beyond the plain meaning of the sentence for resolution of this issue.
Subdivision (b) of rule 3.702 states: “Existing caselaw construing the application of sen-fencing guidelines that is in conflict with the provisions of this rule or the statement of purpose or the principles embodied by the 1994 sentencing guidelines set out in subsection 921.001(4) is superseded by the operation of this rule.” Because prior case law interpreting committee note (d)(12) is not in conflict with any provision of the rule, and because chapter 921 provides that it is a blend of historical sentencing practices and current sentencing theory, we agree with the district court’s conclusion that prior case law interpreting committee note (d)(12) is relevant in evaluating this issue. Thus, we conclude, as did the district courts in Rice and Waldo, that a sentencing judge may depart from the requirement of the rule if the judge otherwise properly imposes a departure sentence as provided by chapter 921.
Notably, if we were to hold as Roberts suggests, a trial court could impose a departure sentence of eight years to life when such a sentence was within the maximum provided by law but would be precluded from imposing a departure sentence of six years’ incarceration to be followed by two years of probation if the six years exceeded twenty-five percent of the recommended guidelines range. A finding in Roberts’ favor could actually be detrimental to defendants because it would likely encourage judges to impose longer prison sentences given that they could not impose shorter departure prison sentences to be followed by probation. Additionally, Roberts’ construction of the rule would prohibit judges from imposing doxvmvard departure sentences that deviated more than twenty-five percent from the guidelines sentence even when there was a justifiable reason for doing so. In fact, the sentence at issue, when read in context with the other sentences of subsection (d)(19), can actually be read as being directed to downward departure sentences rather than upward departure sentences in light of the subsection’s specific provisions that departure sentences may be imposed, that incareerative portions of split sentences may not deviate more than twenty- *1280 five percent from the guidelines, and that the total sanction is not to exceed the maximum sentence provided by law.
Accordingly, we approve the district court’s decision and answer the certified question in the affirmative, finding that, when a trial court imposes a split sentence, the incarcerative portion of the sentence may deviate more than twenty-five percent from the recommended guidelines prison sentence if the trial court otherwise complies with the applicable statutes and rules in imposing the departure sentence.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.