463 So.2d 493 (1985)
STATE of Florida, Appellant,
v.
Wesley TWELVES, Appellee.
No. 84-1631.
District Court of Appeal of Florida, Second District.
February 8, 1985.
Jim Smith, Atty. Gen., Tallahassee, Gary O. Welch, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellee.
FRANK, Judge.
The State's appeal, initiated in accordance with Section 924.07(9), Florida Statutes (1983), focuses upon the propriety of the lower court's determination to mitigate or depart "downward" from the sentencing guidelines prescribed in Rule 3.701 of the Florida Rules of Criminal Procedure. The State does not contend, of course, that departure from the guidelines was in excess of the lower court's authority granted it by Rule 3.701. Mitigating a guideline sentence is expressly contemplated in Rule 3.701(d)(11) in the circumstance where "there are clear and convincing reasons" to warrant rejection of the presumptive sentence. The State attacks the lower court's reduction of the appellee's sentence; it suspended all but eighteen months of a ten-year term. We sustain the sentence imposed by the lower court.
It "is not the function of this court to re-evaluate the exercise of the trial judge's discretion in this area." Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984). Here, no less than is true when a trial court enhances a guideline sentence, our function is to canvass the record to determine whether the lower court abused its discretion in departing from the guidelines.
In the present matter, the trial court suspended the ten-year sentence for reasons that are "clear and convincing." The appellee's military record discloses a substantial amount of combat, the receipt of a Purple Heart and a Bronze Star. Although the appellee developed a post-military record of criminality resulting in convictions and imprisonment, there was competent expert evidence before the trial court that the appellee suffers from Post-Traumatic Stress Disorder which may be remedied by the PAR Drug and the Bay Pines Vietnam Veterans Outreach programs. Moreover, friends, relatives and employers testified that they intend to assist *494 the appellee in his effort to achieve rehabilitation. Based upon the foregoing, we are convinced the trial court acted within its discretionary power.
Accordingly, the judgment and suspended sentences are affirmed.
GRIMES, A.C.J., and SCHOONOVER, JJ., concur.