HALL, Judge.
The state appeals appellee’s mitigated guidelines sentence, alleging that the rea *188 sons stated by the trial court were not so clear and convincing as to justify a downward departure.
Appellee was convicted of one count of criminal mischief and two counts of burglary. Appellee had a criminal history beginning in 1982 and continuing into 1986. Though this history included numerous acts of vandalism and automobile burglaries, the trial court felt that these activities were the result of appellee’s drug problem, which warranted more extensive treatment than is available in the Department of Corrections.
Appellee’s scoresheet indicated a presumptive guidelines sentence of 7-9 years’ imprisonment for the convictions. The trial court departed from the sentence recommended by the guidelines, sentencing ap-pellee to a combination of probation, a drug treatment program, and two years’ imprisonment with the Department of Corrections. In setting forth the reasons for the departure, the trial court cited State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985), as justification for the departure.
We do not agree that the reasons for departure set forth in this case contain as sufficient detail as those set forth by the trial court in Twelves. In setting forth its reasons for departure, the trial court in Twelves explained the defendant’s history, citing expert evidence as to the disorder causing the defendant’s criminal conduct, and the programs available to remedy that disorder.
We therefore find that, as stated, the reasons given by the trial court are not clear and convincing, and we reverse the sentence and remand for resentencing. If the trial court again decides to depart from the presumptive guidelines sentence, it must set forth sufficiently clear and convincing reasons to support that departure. Reversed and remanded.
SCHOONOVER, A.C.J., and FRANK, J., concur.