553 So.2d 778 (1989)
STATE of Florida, Appellant,
v.
Robert T. LACEY, Appellee.
No. 88-3319.
District Court of Appeal of Florida, Fourth District.
December 20, 1989.
*779 Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellant.
J. David Bogenschutz of Kay and Bogenschutz, P.A., Fort Lauderdale, for appellee.
GARRETT, Judge.
The state appeals the trial court's concurrent probation sentences for appellee's convictions on two counts of official misconduct, two counts of grand theft, and one count of petit theft. The sentencing guidelines recommended a term of incarceration. In a related case another judge had previously sentenced appellee to probation for twelve grand theft convictions.
The trial judge gave the following written reasons for his downward sentencing departure in the case at bar:
1. The total amount ($118) of the alleged thefts was minimal (noting a charge of grand theft now requires a $300 taking).
We reject this reason. The crimes occurred before the 1986 grand theft statute amendment. A criminal statute that ameliorates or mitigates punishment may not be applied retroactively. State v. Ussery, 543 So.2d 457 (Fla. 5th DCA), rev. denied, 551 So.2d 464 (Fla. 1989). The amount of the grand theft does not support a departure. State v. Lisk, 523 So.2d 1260 (Fla. 2d DCA), rev. denied, 531 So.2d 168 (Fla. 1988) (held that Atwaters v. State, 519 So.2d 611 (Fla. 1988), which cited State v. Mischler, 488 So.2d 523 (Fla. 1986), overruled State v. Pina, 487 So.2d 351 (Fla. 4th DCA 1986)).
2. Appellee had demonstrated remorse, rehabilitation and that he would not be a future threat to society. He entered pleas and gave up the right to appeal in the related case.
We recognize remorse, rehabilitation, and lack of future societal threat are valid reasons for downward departure when established by clear and convincing evidence. State v. Sachs, 526 So.2d 48 (Fla. 1988). We accept that appellee proved his remorse. We reject the other reasons. We find that the trial court abused its discretion when finding appellee was rehabilitated and posed no future threat to society. Counsel's statements at sentencing were inadequate substitutes for the required clear and convincing evidence. Until appellee proves otherwise, "the primary purpose of sentencing [remains] to punish the offender. Rehabilitation and other tradition considerations continue to be desired goals of the criminal justice system but must assume a subordinate role." Fla.R. Crim.P. 3.701b. A lawyer's prediction as to a client's future criminal behavior is too speculative to constitute clear and convincing evidence. Also a plea or no appeal cannot be a valid reason for a downward departure anymore than a demand for trial or a filed appeal can be a valid reason for an upward departure.
3. The victim only lost $59.40 and one count only charged an "endeavor" to commit grand theft.
We reject these reasons. The amount of the victim's loss is not a valid reason for departure. Hankey v. State, 485 So.2d 827 (Fla. 1986). The grand theft statute did not provide a lesser punishment for one who "endeavors" to commit grand theft. § 812.014(1), Fla. Stat. (1985).

*780 4. Appellee suffered enough from the related case and the possible effect on his professional future.
We reject this reason. All defendants suffer the consequences of a criminal conviction. The sentencing guidelines do not provide special treatment for the trained, educated or licensed. To achieve equality in sentencing, trial judges must be blind as to the color of a defendant's collar.
5. Probation would have been the recommended sentence if appellee had been sentenced once for all related convictions.
We remand this reason for reconsideration. The trial judge has the obligation to use one scoresheet covering all offenses pending for sentencing within the court's jurisdiction. Fla.R.Crim.P. 3.701(d)(1). No sentence should be delayed to await the outcome of cases pending trial. Nelson v. State, 498 So.2d 553 (Fla. 4th DCA 1986). We find the record unclear as to whether appellant's related and at bar cases were pending for sentencing at the same time. Upon remand, after the parties clarify the record, the trial judge can sentence accordingly.
Therefore, we reverse and remand for resentencing. We are not convinced beyond a reasonable doubt that the trial judge would impose the same sentence when the invalid reasons are eliminated from his consideration. Albritton v. State, 476 So.2d 158 (Fla. 1985).
REVERSED AND REMANDED FOR RESENTENCING CONSISTENT WITH THIS OPINION.
GLICKSTEIN, J., concurs specially with opinion.
ANSTEAD, J., dissents without opinion.
GLICKSTEIN, Judge, concurring specially.
I too would reverse and remand for resentencing. The 1987 amendment to section 921.001(5)  which provides that if multiple reasons exist to support a departure the sentence will be upheld if at least one reason is valid  cannot be retroactively applied to the instant case. Sitar v. State, 548 So.2d 1115 (Fla. 1989); Abt v. State, 541 So.2d 614 (Fla. 1989); State v. McGriff, 537 So.2d 107 (Fla. 1989). Therefore, Albritton v. State, 476 So.2d 158 (Fla. 1985), is applicable. D'Angelo v. State, 541 So.2d 706 (Fla. 4th DCA), jurisdiction accepted, 548 So.2d 662 (Fla. 1989). In Albritton, the court stated that when a departure sentence is grounded on both valid and invalid reasons, the case should be reversed and remanded for resentencing unless it can be shown beyond a reasonable doubt that the absence of invalid reasons would not have affected the sentence.
In the instant case, only one of the trial court's given reasons is valid for certain, i.e., remorse. Its last reason on the scoresheet computation is valid only if it can be established that the two cases were pending for sentencing at the same time. If they were, then a departure sentence would not be necessary since a recomputed score would result in a recommended guidelines sentence of nonstate prison sanctions.
Because the finding of remorse was based solely on the appellee's and defense counsel's word, the trial court might not have ordered a departure sentence if it were not for the fact that the remorse finding was only one among many reasons for departure. There has not been a showing beyond a reasonable doubt to the contrary.