ZEHMER, Judge.
The state appeals a downward departure from the sentencing guidelines. Finding the reasons stated by the trial court in justification of the departure are legally sufficient, we affirm.
Defendant was convicted, upon his plea of nolo contendere, of multiple counts of lewd, lascivious or indecent assault upon a child under the age of sixteen, in violation of section 800.04, Florida Statutes. Defendant was placed on community control for a period of 2 years, to be followed by 18 years of probation. The calculated guideline sentence was imprisonment for 9-12 years. The court’s statement of reasons for downward departure from the guidelines recites:
The defendant was before the Court for sentencing, and was placed on community control for two years followed by eighteen years probation. The sentence imposed was a downward departure from the sentencing guidelines for the following reasons:
1. The defendant’s age (24 years) and complete lack of criminal record. State v. Rice, 464 So.2d 684 (Fla. 5th DCA 1985); State v. Rodriguez, 496 So.2d 240 (Fla. 3d DCA 1986).
2. The showing of support of relatives and friends for defendant’s rehabilitation. State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985); State v. Rodriguez, 496 So.2d 240 (Fla. 3d DCA 1986).
3. The defendant’s psychiatric disorder developed over a substantial period of time. At the age of 12 to 14 years he *917 first engaged in homosexual acts and other sexual misconduct with boys about his same age. Up to the age of 18 years he continued such sexual acts with boys ranging in age from 12 or 14 years to 17 years. According to the expert testimony, this same course of conduct continued, with the same age boys, after the defendant reached age 18, up until the time of his arrest when he was 23 years of age. Also established by expert testimony was the fact that the defendant does not “cross behave,” that is, engage in such acts with other age groups, gender, family members, or engage in other types of sexual behavior. By virtue of this diagnosis, the fact that his conduct has been publicly exposed, and that he has the support of family and friends of the highest quality and character, the defendant is considered a good prospect for treatment and recovery. While awaiting trial or plea, the defendant has enrolled in, and successfully received treatment at the Behavioral Medicine Institute, in Atlanta, Georgia, and the Center for Prevention of Child Molestation in Tampa, Florida. He continued in outpatient treatment in Tampa until the date of sentencing, and that Center recommends his continued treatment in this program. The treatment he has received, and can receive, outside the prison system is better than that which could be provided by the Department of Corrections or by the Department of Health and Rehabilitative Services, and is the best treatment plan that could be found in the country. The imposition of a prison sentence, as recommended by the sentencing guidelines, would interrupt, and likely impede or prevent, his rehabilitation which was begun with the specific approval of the State Attorney’s office handling the prosecution of this case. The defendant’s admission of his guilt, his remorse for his conduct, his voluntary undertaking of a treatment plan, and his sincere desire to control his psychiatric disorder, with strong support of family and friends, clearly and convincingly show that rehabilitation can best be accomplished outside of the prison system and that the interests of justice, and the protection of society, would best be served by departing from the sentencing guidelines.
While defendant’s age, standing alone, will not justify a downward departure, we agree that the remaining reasons stated are legally sufficient. State v. Forbes, 536 So.2d 356 (Fla. 3d DCA 1988) (finding by the trial judge of defendant’s strong motivation to be rehabilitated and his participation in drug rehabilitation program constitute a valid reason for departure); State v. Rodriguez, 496 So.2d 240 (Fla. 3d DCA 1986); State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985) (competent evidence of mental disorder that can be remedied by treatment and the support of friends, relatives and employers who testified that they intend to assist the appellee in his effort to achieve rehabilitation is a valid reason for departure). Cf. State v. Arseneau, 501 So.2d 187 (Fla. 2d DCA 1987) (reversing a downward departure because the court did not, as did the trial court in Twelves, explain the defendant’s history, citing expert evidence as to the disorder causing the defendant’s criminal conduct, and the programs available to remedy that disorder).
Since defendant’s offenses were committed in part prior to July 1, 1987, the effective date of section 921.001(5), Florida Statutes (1987), the rule in Albritton v. State, 476 So.2d 158, 160 (Fla.1985), controls. Booker v. State, 514 So.2d 1079 (Fla.1987). The trial court did not cite defendant’s age, standing alone, as a reason for departure but rather included it in conjunction with numerous other valid reasons in justification, each based on the record and stated in detail. Thus, reading the reasons stated as a whole, we hold that the inclusion of an invalid reason in the court’s statement would not have affected the departure sentence. See Griffis v. State, 509 So.2d 1104 (Fla.1987). The trial court has stated clear and convincing reasons for departure from the guidelines.
AFFIRMED.
BOOTH and NIMMONS, JJ., concur.