572 So.2d 1009 (1991)
STATE of Florida, Appellant,
v.
Rhymer R. HOWELL, Jr., Appellee.
No. 89-1988.
District Court of Appeal of Florida, First District.
January 2, 1991.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., for appellant.
WENTWORTH, Judge.
The state appeals a sentence imposed after the revocation of appellee's probation for an attempted lewd and lascivious assault. The court departed from the sentencing guidelines recommendation of seven to nine years incarceration, and instead placed appellee in community control for two years, to be served after the expiration of other sentences. We find that the court's stated reasons for this downward departure are not substantiated by the record, and will not support the sentence imposed.
Appellee had been placed on probation after entering a negotiated nolo plea for an attempted lewd and lascivious assault upon a child. An affidavit and warrant for violation of probation were subsequently filed, alleging various violations and reciting a new arrest for committing another lewd and lascivious act in the presence of a child. Appellee entered a nolo plea as to the alleged violation of probation, and a sentencing guidelines scoresheet was prepared with seven to nine years incarceration as the recommended sentence.
At the sentencing hearing appellee's counsel argued that the court should depart below the guidelines recommendation based upon appellee's remorsefulness. Several individuals submitted letters on appellee's behalf, and it was indicated that he had received a 3 1/2 year sentence for his recent substantive offense. Appellee's pastor, and the father of the recent victim, addressed the court and suggested that appellee would not receive appropriate counseling and treatment in the state prison. *1010 A request was made that appellee be sentenced to in-house incarceration so that he might pursue such treatment. Although the court did not have the benefit of a current presentence investigation report, a probation officer noted that appellee had previously received counseling. The state asked that appellee be sentenced to the statutory maximum of five years incarceration.
Appellee also addressed the court and acknowledged that he has a "problem." However, appellee maintained that he was not helped by his prior hospitalization and counseling. Appellee complained about the sexual preference of his psychologist, and also complained about inability to transfer his probation to another state.
The court determined that appellee should be placed in community control for two years after the completion of other sentences. The order imposing community control contains a general requirement that appellee participate in mental health counseling. As written reasons for departing from the guidelines recommendation the court recited appellee's "remorse," and the "lack of help in prison," explaining that appellee "will not receive treatment, if incarcerated... ."
The existence of remorse, in connection with other factors, has been approved as supporting a departure below the guidelines recommendation. See State v. Sachs, 526 So.2d 48 (Fla. 1988); State v. Lacey, 553 So.2d 778 (Fla. 4th DCA 1989). But such a fact must be established by record evidence. In the present case although appellee admitted that he has a "problem," he continued to complain about his prior treatment and restrictions, and the position in which he found himself. The record does not otherwise indicate any basis for determining his remorse, and absent such it will not support a departure on this basis.
In referencing the unavailability of treatment in prison as the other stated reason for departure, the court relied upon the testimony of witnesses who had spoken with personnel from the Department of Corrections, since neither such personnel nor any mental health experts testified. Appropriate placement in a rehabilitation treatment program has been approved as a basis for a downward departure. See State v. Forbes, 536 So.2d 356 (Fla. 3d DCA 1988); State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985). But the decisions emphasize that such a reason for departure should be established with "sufficient detail." See State v. Arseneau, 501 So.2d 187 (Fla. 2d DCA 1987).
Even if we accept the evidence in the present case as establishing the unavailability of treatment in prison, the record is entirely inadequate with regard to the necessary detail for appellee's placement in a treatment program outside of prison. Appellee will not be eligible for such a program until his release from other sentences, which could be several years in the future. It is necessarily unknown what treatment program might be available at that time, and the court has neither mandated participation in any specific program nor required conditions such as the satisfactory completion thereof. In Herrin v. State, 568 So.2d 920 (Fla. 1990), the supreme court indicated that a sentencing reduction in order to place the defendant in a treatment program should be based upon competent substantial evidence establishing a reasonable possibility that the treatment will be successful. Herrin noted that expert testimony might be helpful in this regard. And in Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990), the second district, in another context, pointed out problems of enforcement which might occur when a probation order lacks specificity as to the conditions and details of a defendant's placement in a sex offender treatment program.
The order in the present case is even less compelling and specific than in Young, lacks the evidentiary predicate mandated in Herrin, and does not contain the necessary detail required by Arseneau. In the circumstances of this case, involving only the possibility of treatment at some uncertain time in the future and the absence of specific controls or conditions as to appellee's participation in such a program, the stated *1011 reason will not suffice as a basis for departure from the guidelines recommendation.
The challenged sentence is vacated, and the cause remanded for resentencing.
BOOTH and SMITH, JJ., concur.