632 So.2d 127 (1994)
STATE of Florida, Appellant,
v.
Allen E. NATHAN, Appellee.
No. 92-3625.
District Court of Appeal of Florida, First District.
February 9, 1994.
Rehearing Denied March 21, 1994.
Robert A. Butterworth, Atty. Gen., and Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellant.
Nancy A. Daniels, Public Defender, and Jamie Spivey, Asst. Public Defender, Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal by the State from a downward departure sentence. After careful examination of the record, we must agree with the State that each of the trial court's four stated reasons for departure is either insufficient or unsupported by sufficient record evidence. We therefore reverse.
The relevant facts are that after serving one year of a five-year sentence for burglary and dealing in stolen property, appellee escaped on December 19, 1989, from the Lawtey *128 Correctional Institution, when he walked through that institution's front entrance. Approximately two years later, appellee was arrested when the driver of the car in which he was riding was stopped for reasons apparently unrelated to appellee's conduct. On October 12, 1992, appellee and the State entered into an agreement under which the State and appellee recommended that the trial court impose a sentence of four and a half years' imprisonment, the lowest permitted (not recommended) guideline sentence.
At sentencing, appellee presented mitigating evidence. He stated that he walked out of the Lawtey Correctional Institution because he was not receiving medical attention for certain medical problems. He did not testify to the nature of the medical problems or the reason that treatment was insufficient. He also stated, "and I'm going through the same thing right now with an ear infection that I've had since October." Appellee further stated that he still had the infection and had been "stuck" with another inmate's I.V. needle. Appellee finally stated that after he left the prison, he did construction work and stayed out of trouble. Appellee had lost all of the gain time on the sentence he was serving at the time of the escape.
The trial court imposed a sentence of six months' incarceration, to run consecutive to the sentence appellee was then serving, which was about to expire. The trial court stated as reasons for the downward departure (1) that appellee had left prison because of medical problems and to seek better medical care; (2) that appellee had lost the gain time which had accrued as to the sentence he was then serving; (3) that appellee was out of prison almost two years without committing another offense; and (4) that appellee appeared to be remorseful about the escape.
The trial court has broad discretion in setting forth reasons for upward or downward departure sentencing. However, the trial court may not depart from the guidelines for reasons expressly prohibited by the guidelines, for factors taken into account in calculating the guideline score, or for reasons which are an inherent component of the crime in question. State v. Mischler, 488 So.2d 523 (Fla. 1986). Any stated reason for departure must be based upon circumstances reasonably justifying departure, and the evidence must be sufficient to support the trial court's finding of such circumstance by a preponderance of the evidence. Felts v. State, 537 So.2d 995 (Fla. 1st DCA 1988), approved, 549 So.2d 1373 (Fla. 1989); § 921.001, Fla. Stat. (Supp. 1992).
Of the four reasons set forth by the trial court as justifying downward departure, appellee makes no response to the State's contentions that his loss of gain time and the fact that he committed no further crimes after his escape are insufficient reasons for downward departure. We must agree with the State that these reasons are insufficient. We have found no reported appellate decision on the issue of whether a defendant's loss of gain time on an existing sentence is sufficient justification for a downward departure sentence for escape. Appellee's loss of gain time, however, was authorized by section 944.28, Florida Statutes (1989). Because the law contemplates that an inmate convicted of escape may lose the gain time which has accrued on the sentence he is serving at the time of his escape, the loss of such gain time cannot support a downward departure. Likewise, appellee's having refrained from criminal activity for the two-year period following his escape is also an insufficient reason for downward departure. The law contemplates that persons within the jurisdiction of this state obey its laws, and the guidelines take into account the extent to which a defendant has done so. State v. Sachs, 526 So.2d 48 (Fla. 1988); Mischler.
On the issue of whether appellee's decision to leave prison to seek better medical treatment justified downward departure, State v. Howell, 572 So.2d 1009 (Fla. 1st DCA 1991), is instructive. In Howell, a defendant sentenced for violation of probation for attempted lewd and lascivious assault upon a child received from the trial court a downward departure sentence. One of the trial court's stated reasons for downward departure was "lack of help in prison." This court found this reason insufficient and held that if lack of medical treatment is advanced as justifying a downward departure, the record must indicate what treatment is unavailable in prison and what treatment the defendant *129 expects to receive outside of prison. In the instant case, the record contains no indication of what medical problem appellee had at the time he escaped from prison or why he believed the treatment for this problem to be inadequate.
Finally, Howell is also instructive on the issue of whether appellee's remorse justified downward departure. In Howell, the defendant acknowledged that he had a "problem" but maintained he had not been helped by prior hospitalization and counseling, and made a complaint about having been unable to transfer his probation to another state. The trial court advanced Howell's remorse as a reason justifying downward departure, and this court reversed because of the lack of record support for the finding of remorse. In the instant case, the record does not indicate any basis for the trial court's finding that appellee expressed remorse, other than appellee's statement that he was not receiving proper medical treatment. We must therefore conclude that the finding of remorse is unsupported by the record.
For the foregoing reasons, appellee's sentence is reversed, and this cause is remanded for resentencing within the guidelines.
BOOTH, LAWRENCE and DAVIS, JJ., concur.