681 So.2d 767 (1996)
Chris A. PALMER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1243.
District Court of Appeal of Florida, Fifth District.
September 12, 1996.
Rehearing Denied October 22, 1996.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
We find no merit in most of Palmer's multiple claims of error in the conduct of his trial, which resulted in conviction of battery on a law enforcement officer. We do agree with Palmer that the lower court erred in overruling his objection, on grounds of attorney/client privilege, to the question: "At some point did you tell your attorneys about it?" After reviewing the record and the context of the question and answer, however, we conclude that this error was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
On appeal, Palmer also claims the right to a new trial based on an Allen[1]-type of charge given to the jury at the court's suggestion. We question the wisdom of giving this charge, which is similar to the Eleventh Circuit Court of Appeals' pattern Allen instruction,[2] in preference to the Florida standard instruction. Florida courts have demonstrated extreme sensitivity to the potential coercive effect of such jury charges, and instructions containing elements broadly similar to the Eleventh Circuit's have been held to be reversible error in Florida. See, e.g., Bass v. State, 611 So.2d 611, 611-12 (Fla. *768 2d DCA 1993) (modified Allen charge "urg[ed] the jurors to consider the expense that a new trial would involve"); Hollywood Corp. Circle Assocs. v. Amato, 604 So.2d 888, 891 (Fla. 4th DCA 1992) (modified Allen charge informed the jury that if it did not return a unanimous verdict "it was going to be `terrible [sic] expensive to everybody'"); Nelson v. State, 438 So.2d 1060, 1062-63 (Fla. 4th DCA 1983) (modified Allen charge "made it appear that unless a verdict was reached great waste would occur and the court's confidence in the jury's common sense would somehow have been betrayed"); see also Warren v. State, 498 So.2d 472, 477-78 (Fla. 3d DCA 1986) (holding that emphasizing the "needless cost involved in retrying the case" was a strictly forbidden comment in Florida), review denied, 503 So. 2d 328 (Fla.1987); Rodriguez v. State, 462 So.2d 1175, 1178 (Fla. 3d DCA), review denied, 471 So.2d 44 (Fla. 1985) ("The jurors should not have been required, as the trial judge told them, to consider the public moneys expended on the trial and to melt their `minds and personalities into one to reach a verdict.'"). In this case, however, the court gave the now challenged instruction only after both counsel had reviewed it, commented upon it and agreed to it. Under the circumstances, there was no error, much less fundamental error.
As to sentencing, we agree that it was error to score a 1.5 enhancement for simple battery on a law enforcement officer. Section 775.087(2)(a)2, Florida Statutes (1993), requires possession of a firearm or destructive device. See Fla. R.Crim. P. 3.702(d)(14). This error requires correction and resentencing. We find no merit to appellant's other attacks on his scoresheet.
JUDGMENT AFFIRMED; SENTENCE VACATED and REMANDED.
W. SHARP, GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).
[2] We note that one panel of the United States Eleventh Circuit Court of Appeals considered a similar instruction to be both confusing and coercive, although the panel ultimately found itself bound by circuit precedent to hold the instruction to be permissible. United States v. Rey, 811 F.2d 1453 (11th Cir.), cert. denied, 484 U.S. 830, 108 S.Ct. 103, 98 L.Ed.2d 63 (1987). The instruction subsequently has been held not to be coercive. United States v. Chigbo, 38 F.3d 543, 546 (11th Cir.1994), cert. denied, ___ U.S. ___, 116 S.Ct. 92, 133 L.Ed.2d 48 (1995).