MICKLE, Judge.
The state charged the. appellant with sexual battery pursuant to section 794.011, Florida Statutes (1993), and the jury found him guilty as charged. As grounds for reversal, the appellant contends that the trial court erred 1) by granting the state’s motion in *709 limine that limited the defense’s ability to cross-examine the victim; 2) by giving the jury a modified charge (expressly approved by defense counsel) that allegedly differed significantly from the standard charge in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); and 3) by imposing a guidelines sentence after indicating on the record, “But for the sentencing guidelines, the- Court would likely impose a lesser sentence than is provided for in the guidelines.” As a fourth ground for reversal, the appellant contends that the prosecutrix’s remarks in closing argument (to which defense counsel did not object) contained improper comments that bolstered the credibility of the state’s chief witness and unfairly appealed to the jury’s sympathy for the victim, to the appellant’s detriment. We find no abuse of discretion in the trial court’s granting the motion in limine after considering the victim’s proffered cross-examination. Jent v. State, 408 So.2d 1024, 1029 (Fla.1981) (trial court’s ruling on admissibility of evidence will not be reversed on appeal absent showing of abuse of discretion). We conclude also that the appellant has not demonstrated reversible error either in the trial court’s giving the modified Allen charge, Palmer v. State, 681 So.2d 767 (Fla. 5th DCA 1996) (no error in trial court’s giving modified Allen charge where both counsel were given opportunity to review it and comment thereon), or in the state’s closing argument. Spencer v. State, 133 So.2d 729, 731 (Fla.1961) (prosecutors may fairly discuss and comment upon properly admitted testimony and logical inferences from that evidence); Dufour v. State, 495 So.2d 154, 160-61 (Fla.1986); Pacifico v. State, 642 So.2d 1178, 1182 (Fla. 1st DCA 1994). Therefore, we affirm the conviction. Because the record is unclear as to whether the trial court fully appreciated its discretion to impose a different sentence, we vacate the sentence and remand for reconsideration in light of this opinion.
By motion, the appellant sought a downward departure sentence based on one or more of the following grounds, inter alia: 1) the appellant’s age (24 years) and lack of a prior criminal record at the time of sentencing; 2) the strong support for rehabilitation demonstrated by the appellant’s relatives and friends; and 3) the appellant’s election to testify and evidence of his strong motivation for self-rehabilitation. Generally, a trial court should impose a guidelines sentence, and the legislature has provided that a sentencing court may depart “only when circumstances or factors reasonably justify the aggravation or mitigation of the sentence.” § 921.001(4)(a)(6), Fla.Stat. (Supp.1994). At the sentencing hearing, the defense offered several purported “clear and convincing” mitigating reasons to support a departure sentence. Before sentencing the appellant to 65 months, which is at the bottom of the permitted guidelines range, the trial court stated on the record, “I think what we have here is a situation where the Legislature has effectively stripped the Court of any authority to impose a sentence less than what this guideline sentence is... .But for the sentencing guidelines, the Court would likely impose a lesser sentence than is provided for in the guidelines.”
The state argues that because the lower tribunal imposed a lawful guidelines sentence, affirmance is proper. Because the sentencing transcript is unclear as to whether the trial court fully appreciated its discretion to impose a departure sentence, we believe the better procedure is to vacate the sentence and remand for the trial court to reconsider the matter. We note that the appellant has cited several decisions that, upon an adequate factual basis and findings, may support a downward departure. See, e.g., State v. Frinks, 555 So.2d 916 (Fla. 1st DCA 1990) (although age, standing alone, is not a justification for downward departure, remaining factors such as lack of prior criminal record, showing of support by relatives and friends for defendant’s rehabilitation, and history and diagnosis of psychiatric disorder revealing good prospect for treatment and recovery constituted legally sufficient grounds); State v. Forbes, 536 So.2d 356, 357 (Fla. 3d DCA 1988) (in cocaine sale and possession case, no abuse of discretion in downward departure where defendant showed motivation to be rehabilitated and sentence would allow him to participate in on-site drug rehabilitation program); State v. Rice, 464 So.2d 684, 686 (Fla. 5th DCA 1985) *710 (no abuse of discretion in downward departure where defendant convicted of second-degree murder was 56 years old and had no criminal background); State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985) (no abuse of discretion in downward departure where defendant had extensive military combat record, including Purple Heart and Bronze Star, and suffered from post-traumatic stress disorder, and testimony of defendant’s relatives, friends, and employers evinced their intent to assist in his rehabilitation). On remand, the trial court may reimpose.a guidelines sentence or consider the appropriateness of a departure sentence.
AFFIRMING the conviction, VACATING the sentence, and remanding for reconsideration in light of this opinion.
WEBSTER and LAWRENCE, JJ., concur.