764 So.2d 735 (2000)
STATE of Florida, Appellant,
v.
Robert W. SANTOMASO, Appellee.
No. 2D99-2563.
District Court of Appeal of Florida, Second District.
June 30, 2000.
*736 Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellee.
SALCINES, Judge.
The State of Florida appeals the downward departure sentence imposed by the trial court pursuant to the terms of a written plea agreement with Robert W. Santomaso. We hold that the reasons for departure are not supported by the record and reverse and remand.
Santomaso was charged with grand theft of real property by executing a false/fictitious quitclaim deed and thereafter selling the property to two victims. In a separate case, Santomaso was charged with two counts of felony grand theft and two counts of uttering a forged instrument arising out of scams involving two quitclaim deeds to real properties. In the same information, Santomaso was charged with two counts of uttering a check with a forged endorsement for cashing two of his aunt's pension checks.
At a hearing conducted before the circuit court, counsel for Santomaso requested a downward departure sentence. In support thereof, counsel presented three character witnesses as well as Santomaso himself. Santomaso apologized for his actions and stated that he was "truly remorseful" for the offenses. The State objected to any downward departure and argued that no valid basis had been presented. Thereafter, the trial court indicated that it was "going to offer" three years of probation with a withhold of adjudication, restitution, three hundred hours' community service, and a suspended two-year commitment. In response, the State again objected to the departure sentence and the prosecutor noted, "This was an ongoing *737 scheme, Judge, and he should be adjudicated. He has done this numerous times, this sophisticated scheme."
Despite the State's objection, Santomaso entered into a written plea agreement which set forth the sentence offered. The trial court executed a written sentence which was consistent with that announced at the hearing and attached a form which listed mitigating factors to justify a downward departure sentence as enumerated in section 921.0026(2), Florida Statutes (1999). The trial court marked the box next to the mitigating factor: "The need for payment of restitution to the victim outweighs the need for a prison sentence." The trial court did not mark the box next to the mitigating factor which stated, "The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse." However, the word "remorse" was circled.
The State argues that the trial court erred when it imposed the downward departure sentence because the reasons stated were not supported by the record. We agree. The trial court was required to find the necessary facts to support a departure sentence by a preponderance of the evidence. See § 921.001(6), Fla. Stat. (1999). On appeal, this court is to determine if the reasons for departure are supported by competent, substantial evidence. "Competent substantial evidence is tantamount to legally sufficient evidence, and the appellate court will assess the record evidence for its sufficiency only, not its weight." Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). The evidence in the present case was not sufficient to support either reason given by the trial court.
Although the trial court reserved jurisdiction to determine the exact amount of restitution to be made, at the sentencing hearing the evidence demonstrated the only restitution required was to Santomaso's aunt for the forged pension checks in the total amount of approximately $470.00. The other victims of the land transactions had been either compensated for their loss, or had not been deprived of their property rights due to the action of the State before it arrested Santomaso. There was no competent, substantial evidence to support the trial court's conclusion that the need for restitution outweighed the need for a prison sentence.
As for the trial court's notation on the mitigating factors form that Santomaso had exhibited remorse, this finding, without evidence to support the additional required elements that the offense was committed in an unsophisticated manner and that it was an isolated incident, was not sufficient to support the downward departure sentence. See State v. Arvinger, 751 So.2d 74 (Fla. 5th DCA 1999); State v. Howell, 572 So.2d 1009 (Fla. 1st DCA 1991).
Accordingly, the sentence is reversed and this matter is remanded with instructions to the trial court to allow Santomaso the opportunity to withdraw his plea and proceed to trial or to be resentenced within the guidelines.[1]
Reversed and remanded with instructions.
CAMPBELL, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.
NOTES
[1] Due to the fact that this court's holding in regard to the downward departure is dispositive, we decline to reach an additional issue raised by the State.