STRINGER, Judge.
 

 The State seeks review of the downward departure sentence the trial court imposed after finding that Malachi Howard Eas-tridge violated his probation. The State argues that the court erred in imposing a downward departure sentence without providing a valid basis for departure. We agree that one of the court’s stated bases for departure was without merit. Because we are unable to conclude that the court meant to depart downward on the second basis, we reverse and remand for reconsideration.
 

 In the underlying cases, Eastridge pleaded guilty to four counts of armed kidnapping (counts 1-4), three counts of sexual battery (counts 5-7), one count of robbery (count 8), and one count of grand theft (count 9). The court sentenced Eas-tridge to concurrent terms of thirty years in prison on counts 5-7 and a concurrent five-year term on count 9, followed by concurrent terms of thirty years of probation on counts 1-4 and 8. Eastridge served approximately fourteen years in prison, was credited with approximately sixteen years of gain time, and was released to serve his probation.
 

 Eastridge subsequently violated his probation, and the court held a revocation hearing at which the court decided to impose a sentence of fifteen years in prison on count 1 followed by concurrent terms of life probation on counts
 
 2-4
 
 and thirty years of probation on count 8. Because the sentencing guidelines permitted a sentence of twenty-seven years to life, the State objected to the downward departure. At first, the court acknowledged the sentence was a downward departure and explained that the “sole reason for the downward departure” was testimony from one of the victims who forgave Eastridge because he had sent her a letter apologizing for kidnapping and sexually battering her in 1992. The court subsequently decided that because the Department of Corrections (“DOC”) would revoke Eastridge’s sixteen years of gain time, it was actually imposing a guidelines sentence. The court suggested that the DOC would add the sixteen years of gain time to the sentence imposed by the court. Thus, the court appeared to believe that the time Eas-tridge would serve was actually thirty-one years, which was within the sentencing guidelines range of twenty-seven years to life.
 

 On appeal, the State argues that the trial court erred in imposing a downward departure sentence without a valid reason for departure. Based on the State’s repeated objections to the sentence in this case, we find that the issue was sufficiently preserved for review. As the State argues on appeal, the court’s determination that it was not imposing a downward departure sentence is faulty. It is true that the DOC has the authority to forfeit Eastridge’s gain time from the prison sentence he served for counts 5-7 and 9 because he was sentenced under one scoresheet.
 
 See Gibson v. Fla. Dep’t of Corrections,
 
 885 So.2d 376, 383 (Fla.2004). However, the DOC would not impose the forfeiture penalty in addition to the sentence imposed by the trial court upon a revocation of probation; instead, the DOC would require Eastridge to serve the greater of the two terms when any credit for time actually served was applied to the court’s sentence.
 
 Id.
 
 at 383. Thus, the trial court erroneously believed that the DOC’s forfeiture of gain time would make the fifteen-year sentence the court imposed a thirty-one year sentence.
 

 
 *709
 
 Accordingly, it is clear that the court imposed a downward departure sentence in this case. What is not so clear is whether the court intended to do so. Even if the court did intend to depart downward, a loss of gain time is not a valid basis to depart downward.
 
 See State v. Nathan,
 
 632 So.2d 127, 128 (Fla. 1st DCA 1994). A victim’s consent or request for lenient sentencing, however, may be a valid basis for a downward departure.
 
 State v. Bernard,
 
 744 So.2d 1134, 1136 (Fla. 2d DCA 1999);
 
 State v. Powell,
 
 696 So.2d 789, 791 (Fla. 2d DCA 1997).
 
 But see State v. Knox,
 
 990 So.2d 665, 669 (Fla. 5th DCA 2008) (rejecting the victim’s request for leniency as a valid basis for departure);
 
 State v. Ussery,
 
 543 So.2d 457, 457 (Fla. 5th DCA 1989) (same). We are hesitant to consider whether the victim’s testimony supports the downward departure sentence without a clear understanding that it was the trial court’s intent to impose the sentence on this basis. Accordingly, we reverse and remand for reconsideration.
 

 Reversed and remanded.
 

 NORTHCUTT, C.J., and WALLACE, J., Concur.