PER CURIAM.
 

 The State appeals the downward departure sentence imposed on Keith McKnight [“McKnight”]. We reverse.
 

 McKnight was charged by information with driving while license cancelled, suspended or revoked as a habitual traffic offender, a third-degree felony, and driv
 
 *997
 
 ing under the influence, a misdemeanor. He has an extensive prior record and the State filed a notice of its intent to seek habitual offender status.
 
 [1]
 

 On July 14, 2009, a status conference was held for the two offenses and the associated violation of probation. The court offered McKnight a withhold of adjudication on count one and two years of probation on count two. The State objected that such a sentence would be an impermissible downward departure. The computation of McKnight’s criminal punishment code scoresheet reflected 114.4 total sentence points, with a resulting lowest permissible prison sentence of 62.55 months. McKnight readily agreed to the offer and was sentenced accordingly. The trial court further found that, although McKnight qualified as a habitual felony offender, the designation was not necessary for the protection of the public.
 

 As its basis for the downward departure, the court said:
 

 The reasons for the downward departure is that the defendant, prior to coming into court, relied upon the Court’s— not directions — suggestion that he use all best efforts to get a license, and by goodness, he has in fact got a license.
 

 A downward departure sentence less severe than the lowest permissible sentence shown on the criminal punishment code scoresheet “is prohibited unless there are circumstances or factors that reasonably justify the downward departure.” § 921.0026(1), Fla. Stat. (2009). At a minimum, the trial court must impose the lowest permissible sentence calculated according to the Criminal Punishment Code unless the court finds that the evidence supports a valid reason for a downward departure.
 
 See e.g.,
 
 § 921.002(1)(f) & (3), Fla. Stat. (1999);
 
 State v. Henderson,
 
 766 So.2d 389, 390 (Fla. 2d DCA 2000). Section 921.0026(2) sets forth the circumstances under which a departure from the lowest permissible sentence is reasonably justified. The statutory list of mitigating factors is not exclusive and the trial court may impose a downward departure sentence for reasons not delineated in section 921.0026.
 
 See State v. Stephenson,
 
 973 So.2d 1259, 1263 (Fla. 5th DCA 2008);
 
 State v. Bray,
 
 738 So.2d 962, 963 (Fla. 2d DCA 1999).
 

 In evaluating a nonstatutory mitigating circumstance, a reviewing court must consider the reasons given in light of the stated legislative sentencing policy.
 
 State v. Geoghagan,
 
 27 So.3d 111, 115 (Fla. 1st DCA 2009);
 
 Rafferty v. State,
 
 799 So.2d 243, 248 (Fla. 2d DCA 2001) (during sentencing, question trial court should ask is whether nonstatutory reasons given for downward departure meet legislative policy for departing downward in sentencing);
 
 State v. Chestnut,
 
 718 So.2d 312, 313 (Fla. 5th DCA 1998). As noted in
 
 Chestnut,
 
 because the first purpose of sentencing is to punish, a downward departure from the permissible sentence is discouraged and adequate justification is required.
 
 Id.
 
 Second, the mitigating factors expressly authorized by the Legislature mainly focus on the offense itself: the nature of the crime, the defendant’s level of criminal involvement or participation, the mental capacity or state of mind of the defendant.
 
 Id.
 

 The trial court’s first reason for downward departure — that McKnight followed the judge’s suggestion and obtained a valid license — does not resemble any of the statutorily authorized grounds for departure. It goes against the legislative policies of punishment and of increasing the severity of the punishment for repeat crimes.
 
 *998
 
 McKnight has three prior convictions for driving while license cancelled, suspended or revoked. According to the police report, at the time McKnight was stopped for the DUI, his license was suspended and he was intoxicated at the time he was driving.
 

 The second basis for the court’s downward departure, that McKnight has previously received substantial prison time, also goes against legislative policy. The trial court lacks discretion to grant a downward departure sentence based on factors already taken into account by the sentencing guidelines.
 
 See State v. Sachs,
 
 526 So.2d 48, 50 (Fla.1988);
 
 Stephenson,
 
 973 So.2d at 1264. Nor will an offender’s work status or length of previous sentences support downward departure.
 
 See Geoghagan,
 
 27 So.3d at 115;
 
 State v. Chapman,
 
 805 So.2d 906, 908 (Fla. 2d DCA 2001);
 
 State v. Nathan,
 
 632 So.2d 127, 128 (Fla. 1st DCA 1994);
 
 State v. Lacey,
 
 553 So.2d 778 (Fla. 4th DCA 1989).
 

 According to the record, McKnight is gainfully employed cleaning septic tanks and he had previously paid substantial restitution for treatment of a prior victim’s injuries. The trial court expressed the view that it made more sense for McKnight to “continue to be a law-abiding, tax-paying, contributing member of society,” and not to be a “drag” on the citizens of Florida by being incarcerated for several years. The state legislature has established different priorities in its sentencing policy, however, and has chosen not to repose that kind of downward sentencing discretion in the state’s judges.
 

 Because the trial court failed to articulate valid reasons for the downward departure sentence, the downward departure sentence is vacated. On remand, McKnight may be permitted to withdraw his plea, if he chooses to do so, or be resentenced within the guidelines.
 

 SENTENCE VACATED and REMANDED.
 

 GRIFFIN, SAWAYA and LAWSON, JJ., concur.
 

 [1]
 

 . Thirteen prior felonies and thirteen prior misdemeanors' appear in the record.