WALLACE, Judge.
 

 The State appeals Tressie Hall’s sentences in two cases following her no contest plea and argues that the circuit court erred in imposing downward departure sentences. We agree, and we reverse and remand for further proceedings.
 

 At a pretrial hearing, Ms. Hall offered to plead no contest to two counts of grand theft in exchange for sentences of forty-eight months’ imprisonment.
 
 [1]
 
 The State noted that Ms. Hall’s minimum permissible sentence was 66.1 months’ imprisonment with a maximum possible sentence of ten years’ imprisonment. The circuit judge asked whether there were any grounds to support downward departure sentences, noting that “if we’re going to do more than the 48 months[, defense counsel is] sug
 
 *363
 
 gesting we have to have a trial.” The prosecutor opposed any sentence below the minimum permissible sentence and pointed out that Ms. Hall had committed the second grand theft within eleven days of bonding out after her arrest for the first grand theft. In addition, she had an extensive criminal record.
 
 [2]
 
 The prosecutor argued that there was no “lawful reason for a departure here.”
 

 The circuit judge announced that he would agree to Ms. Hall’s proposed sentences, reasoning that “early acceptance of responsibility and the fact that she’s scoring greater than the statutory maximum” were sufficient grounds for departure from the minimum permissible sentence. The circuit judge noted that early acceptance of responsibility is recognized under the federal sentencing guidelines and stated that “we want to in the system encourage people to take responsibility” and that “you got to give them something to give them a plea. You can’t say, hey, take the max for a plea.” Defense counsel then said that Ms. Hall wished to enter a no contest plea, and the judge accepted Ms. Hall’s no contest plea.
 

 At sentencing, the State raised the same objections to the downward departure sentences. The circuit judge repeated the same grounds for departure and imposed forty-eight-month sentences on each of the' grand theft counts.
 
 [3]
 
 No evidence was presented at either the pretrial hearing or the sentencing hearing about the basis for Ms. Hall’s request for downward departure sentences.
 

 The Criminal Punishment Code requires that a sentencing scoresheet, including “the permissible range for the sentence that the court may impose,” be prepared for every defendant sentenced for a felony offense. § 921.0024(3), (7), Fla. Stat. (2008). “The lowest permissible sentence is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure.” § 921.0024(2). And “[i]f the lowest permissible sentence under the [C]ode exceeds the statutory maximum sentence as provided in s. 775.082, the sentence required by the [C]ode must be imposed.” § 921.0024(2).
 

 A court may impose a departure below the lowest permissible sentence based upon circumstances or factors that reasonably justify the mitigation of the sentence in accordance with s. 921.0026. The level of proof necessary to establish facts supporting the mitigation of a sentence is a preponderance of the evidence. When multiple reasons exist to support the mitigation, the mitigation shall be upheld when at least one circumstance or factor justifies the mitigation regardless of the presence of other circumstances or factors found not to justify mitigation.
 

 § 921.002(3). An appellate court reviews a circuit court’s decision on whether a valid legal ground for departure exists as a mixed question of law and fact, and the appellate court should sustain that decision “if the court applied the right rule of law and if competent substantial evidence supports its ruling.”
 
 Banks v. State,
 
 732 So.2d 1065, 1067 (Fla.1999);
 
 see also Kezal v. State,
 
 42 So.3d 252, 254 (Fla. 2d DCA 2010) (noting same). If “the reasons articulated by the trial court for its downward departure sentence [are] either invalid or not supported by competent substantial evidence,” the reviewing court need not address the trial court’s discretionary de
 
 *364
 
 termination of whether it should impose a departure sentence.
 
 State v. Knox,
 
 990 So.2d 665, 668 (Fla. 5th DCA 2008).
 

 Here, neither of the stated grounds for departure is expressly set forth under section 921.0026(2) as a basis for imposing a departure sentence. But the list of mitigating factors under section 921.0026(2) is not exclusive. Accordingly, we consider whether the nonstatutory grounds relied upon in this case constitute valid reasons for departure and whether there is competent, substantial evidence in the record supporting them.
 
 See State v. Betancourt,
 
 40 So.3d 53, 56 (Fla. 5th DCA 2010).
 

 Although it is true that Ms. Hall’s lowest permissible sentence exceeded the statutory maximum sentence, this is an invalid basis for departure under Florida’s sentencing scheme because it conflicts with the Code.
 
 See State v. McKnight,
 
 35 So.3d 995, 998 (Fla. 5th DCA 2010) (noting that a trial court may not grant a departure “based on factors already taken into account by the sentencing guidelines”). As noted above, “[i]f the lowest permissible sentence under the [C]ode exceeds the statutory maximum sentence ... the sentence required by the [C]ode must be imposed.” § 921.0024(2). Thus imposing a sentence below the minimum permissible sentence because the minimum permissible sentence exceeds the statutory maximum sentence conflicts with the mandate of section 921.0024(2).
 
 [4]
 

 With regard to the second ground, the circuit judge noted that the federal sentencing guidelines provide for the reduction of a defendant’s sentence for acceptance of responsibility. The federal sentencing guidelines provide as follows:
 

 (a) If the defendant
 
 dearly demonstrates acceptance of responsibility for his offense,
 
 decrease the offense level by 2 levels.
 

 (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and
 
 upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his oum misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently,
 
 decrease the offense level by 1 additional level.
 

 18 U.S.S.G. § 3E1.1 (emphasis added).
 

 We question whether the concepts of acceptance of responsibility or early acceptance of responsibility set forth in the federal sentencing guidelines provide a valid basis for departure under Florida’s sentencing scheme. Those concepts have arguably been taken into account under the Code. And in certain respects, they may conflict with the stated goals of the Code.
 
 [5]
 
 But we need not re
 
 *365
 
 solve that issue here because Ms. Hall did not establish that she had accepted responsibility for her actions.
 

 The circuit judge referred to the two-bump reduction under the federal sentencing guidelines when commenting on the possibility of a departure sentence, which is the reduction contemplated by subsection 3El.l(a). But Ms. Hall did not present any evidence or argument to support her acceptance of responsibility. Instead, Ms. Hall “offered” to enter into a plea if the circuit court would impose a forty-eight-month sentence. The circuit court noted that defense counsel insisted that without such a reduction there would be a trial. The circuit court decided to impose a downward departure sentence before Ms. Hall pleaded, and thus her incentive to enter a plea was the negotiated reduction of her sentence, not her acceptance of responsibility.
 

 In addition, Ms. Hall did not plead guilty after being assured of her departure sentence but, instead, pleaded no contest. By pleading no contest, Ms. Hall expressly declined to acknowledge her guilt and only agreed not to contest the evidence against her.
 
 See United States v. Shipley,
 
 963 F.2d 56, 58 (5th Cir.1992) (noting that a reduction under the federal sentencing guidelines based solely upon a plea requires a plea of guilty).
 

 Finally, other than her entry of a plea after the circuit court had agreed to impose a departure sentence, there was no evidence of Ms. Hall’s acceptance of responsibility for her offenses. In fact, the circuit court acknowledged that Ms. Hall was arrested at the scene for each offense after being caught shoplifting. Following the first offense, Ms. Hall gave a false name to the police, which was not discovered until booking. She committed the second offense within eleven days of her arrest for the first grand theft. When the merchant attempted to apprehend Ms. Hall for the second offense, she bit him. Thus, instead of acceptance of responsibility, Ms. Hall’s conduct displays its rejection.
 

 The circuit judge also stated that he was relying upon “early” acceptance of responsibility. The circuit judge’s comments suggest that he was concerned with an inefficient use of the State’s resources to try the case, which implicates subsection 3El.l(b). But a defendant only qualifies for a reduction under subsection 3El.l(b) if the defendant qualifies under subsection 3El.l(a)
 
 and the State requests
 
 an additional reduction under subsection 3El.l(b). As discussed above, Ms. Hall did not prove that she accepted responsibility as contemplated by subsection 3El.l(a), and the State opposed any departure below the minimum permissible sentence. Thus Ms. Hall did not establish grounds for a depar
 
 *366
 
 ture sentence as contemplated by subsection 3El.l(b).
 

 CONCLUSION
 

 Because one of the stated grounds for imposing downward departure sentences is legally invalid and the other is not supported by competent, substantial evidence, we reverse Ms. Hall’s sentences for the two grand theft offenses and remand for further proceedings. Because Ms. Hall entered her plea in accordance with a negotiated agreement with the circuit court, Ms. Hall must have the option of withdrawing her plea on remand or, if she chooses, being resentenced within the guidelines.
 
 See State v. Green,
 
 890 So.2d 1283, 1287 (Fla. 2d DCA 2005);
 
 McKnight,
 
 35 So.3d at 998.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and LaROSE, JJ., Concur.
 

 [1]
 

 . Ms. Hall was also charged with two misdemeanor offenses — providing a false name to a law enforcement officer and resisting a merchant.
 

 [2]
 

 . Ms. Hall’s scoresheet reflects that she had seventeen prior felonies, including five burglaries, three grand thefts, and one petit theft.
 

 [3]
 

 . The circuit court imposed sentences of time served on the two misdemeanor counts.
 

 [4]
 

 . In addition, the circuit judge’s comments in this regard are not entirely accurate. The circuit judge reasoned that because Ms. Hall’s minimum permissible sentence of 66.1 months’ imprisonment exceeded the statutory maximum sentence for a third-degree felony, she had no incentive to enter a plea. Although it is true that 66.1 months’ imprisonment exceeds the statutory maximum sentence for a single grand theft, it does not exceed Ms. Hall's maximum sentence under her scoresheet, which is ten years' imprisonment.
 
 See
 
 §§ 775.082(3)(d), 812.014(2)(c)(l), 921.0024(2), Fla. Stat. (2008). Thus Ms. Hall did have an incentive to enter a plea in exchange for the minimum permissible sentence to avoid imposition of the maximum sentence of ten years’ imprisonment.
 

 [5]
 

 . As suggested by the State, the concepts of acceptance and early acceptance of responsibility set forth under the federal sentencing guidelines are arguably incorporated into the
 
 *365
 
 mitigating factors set forth at subsection 921.0026(2)(i) (cooperation) and subsection 921.0026(2)0 (remorse) of the Code. To that extent, it would be improper for a circuit court to craft a basis for departure that would allow a defendant to avoid the specific requirements necessary to establish the express grounds for departure under the Code.
 
 See McKnight,
 
 35 So.3d at 998. Ms. Hall does not argue, and the record does not reflect, that she established the requisite elements for application of the mitigating factors under subsections 926.0026(2)(i), (j).
 

 Moreover, Florida’s primary goal under its sentencing scheme is punishment. Rehabilitation is a secondary goal, and it is a stated policy that a defendant’s sentence should increase with the length and nature of the defendant’s prior record. § 921.002(l)(b), (d). A defendant’s ability to obtain a downward departure sentence simply by entering into a plea negotiated with the court after the fact arguably runs counter to these policies.