IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

     Appellant,

v.                                                                                    Case No.  5D16-4373

HOWARD LEE HAWKINS, JR.,

     Appellee.

_____/

Opinion filed August 18, 2017

Appeal from the Circuit Court
for Osceola County,
A. James Craner, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kaylee D. Tatman,
Assistant Attorney General, Daytona
Beach, for Appellant.

No Appearance for Appellee.


PALMER, J.

     The State of Florida appeals two downward departure sentences imposed by the trial court after Howard Hawkins, Jr. (the defendant) pled no contest in two unrelated cases to resisting an officer with violence and petit theft with prior convictions. Because the reasons provided for the departure sentences were legally invalid, we reverse.

The resisting charge arose in connection with a traffic stop, during which the defendant shoved two officers with his open palms. The petit theft charge arose roughly eight months later when the defendant was confronted by a Lowe's employee as he was exiting the store with a pressure washer for which he did not pay.

The defendant entered an open plea of no contest to both charges. At the sentencing hearing, defense counsel argued for downward departure sentences as to both convictions.

With regard to the resisting conviction, defense counsel argued, among other things, that a departure was warranted on non-statutory grounds because one of the officers involved did not recommend prison in his statement in the pre-sentence report and the defendant did not injure the officers.

Agreeing with defense counsel, the trial court ruled:

> I'm gonna find that . . . at least one victim . . . in this case announced to the writer of the [pre-sentence report] in this case, through the Department of Corrections, that he doesn't think that further retribution is necessary under the circumstances.
>
> I'm also gonna consider the facts that it's an open-hand push or shove for which, as I indicated  before, nobody received any treatment, time off, workers' comp payments or anything of that nature.

As for the petit theft charge, defense counsel argued that a valid non-statutory basis for departure was as follows: the pressure washer never left the store and, as a consequence, the store suffered no loss. The court ruled, "I'm not sure that that's sufficient . . . for me to find a non-statutory downward departure under the circumstances, but I will do so . . . . " Ultimately, the court sentenced the defendant to downward departure

sentences of time served and two years of community control followed by two years of probation on both counts. This appeal followed.

"When analyzing a downward departure sentence, appellate courts must first determine whether 'the trial court applied the correct rule of law and whether competent, substantial evidence supports the trial court's reason for imposing a downward departure sentence.'" State v. Browne, 187 So. 3d 377, 378 (Fla. 5th DCA 2016) (quoting State v. Leverett, 44 So. 3d 634, 636 (Fla. 5th DCA 2010)). "Whether there is a valid legal ground is a question of law, to be reviewed de novo . . . . " State v. Walker, 923 So. 2d 1262, 1264 (Fla. 1st DCA 2006).

The State argues that the trial court's reasons for imposing the downward departures are legally invalid and, therefore, this court must reverse the two departure sentences. We agree.

"In Florida, sentencing for all non-capital offenses committed after October 1, 1998 is governed by the Criminal Punishment Code [(CPC)], enacted by the Florida Legislature and contained in Chapter 921, Florida Statutes." State v. Hodges, 151 So. 3d 531, 533 (Fla. 3d DCA 2014). The CPC requires that a scoresheet be prepared for "each defendant, which takes into account and assesses points based upon, inter alia, the severity of the defendant's primary offense at conviction, additional offenses at conviction, prior criminal history[, and victim injury]." Id. (citing §§ 921.022-.024, Fla. Stat. (2012)). The points assigned for these and other factors are then "added together and, after additional calculations . . . , the resulting score (represented in months) establishes a defendant's 'lowest permissible sentence' which 'is assumed to be the lowest appropriate sentence for the offender being sentenced.'" Id. (quoting § 921.00265(1), Fla. Stat.

3

(2012)). Section 921.0026(2) contains a list of valid reasons, also called mitigating factors or circumstances, supporting a downward departure from the lowest permissible sentence. See State v. McKnight, 35 So. 3d 995, 997 (Fla. 5th DCA 2010). "The statutory list of mitigating factors is not exclusive and the trial court may impose a downward departure sentence for reasons not delineated in section 921.0026." Id. (citations omitted). In analyzing non-statutory mitigating circumstances, "a reviewing court must consider the reasons given in light of the stated legislative sentencing policy." Id. (citations omitted).

Here, the trial court provided two reasons for departing from the lowest permissible sentence on the resisting conviction: 1) one of the officers involved did not recommend a prison sentence, and 2) neither of the officers involved were injured during the encounter.

As to the first reason, we have held that a victim's request for leniency is not a valid reason for a departure sentence. See, e.g., State v. Ussery, 543 So. 2d 457, 457 (Fla. 5th DCA 1989); State v. White, 532 So. 2d 1083, 1084 (Fla. 5th DCA 1988). Accordingly, the officer's recommendation for a non-incarcerative sentence does not constitute a valid reason for departure.

Similarly, the second reason for departure, i.e., no injury to the two officers, is not a legally valid reason for departure. A trial court may not downward depart based on facts already considered when computing a defendant's lowest permissible sentence, such as victim injury. Lee v. State, 42 Fla. L. Weekly D1273, D1279 (Fla. 1st DCA June 1, 2017); accord State v. Chapman, 805 So. 2d 906, 908 (Fla. 2d DCA 2001). As such, the trial court could not depart downward based on the officers' lack of injury.

As for the petit theft conviction, the trial court departed downward based on the fact that the defendant did not actually leave the store with the pressure washer. However, merely committing an offense "less heinously" than other defendants is not a legally valid ground to support a downward departure. State v. Subido, 925 So. 2d 1052, 1059 (Fla. 5th DCA 2006); see also State v. Lacey, 553 So. 2d 778, 779 (Fla. 4th DCA 1989) ("The amount of the [theft] victim's loss is not a valid reason for departure." (citing Hankey v. State, 485 So. 2d 827 (Fla. 1986))). Accordingly, the fact that the defendant did not actually remove the pressure washer from the store is not a valid reason to downward depart.

Hence, the downward departure sentences are reversed. "On remand, the trial court may again consider imposing a departure sentence if there are valid legal grounds to support the departure sentence, and those legal grounds are supported by competent, substantial evidence." Lee, 42 Fla. L. Weekly at D1279 (citing Jackson v. State, 64 So. 3d 90 (Fla. 2011)).

REVERSED AND REMANDED.

COHEN, C.J., and EVANDER, J., concur.